[No. F010494. Fifth Dist. Nov. 21, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ADAMSON GBADEBO-SODA, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III.

**COUNSEL**

Carole Greeley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Thomas Shigemoto and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (G. A.), J.\***—Appellant Adamson Gbadebo-Soda appeals from a judgment entered on a jury verdict finding him guilty of two .counts of

---

\* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

failure to appear (counts II and III; Pen. Code, § 1320, subd. (b)).[1] The jury failed to agree on a third count of escape (count I).

### PROCEDURAL FACTS

On August 26, 1987, an information was filed charging appellant with escape from the Fresno County jail on August 9, 1986 (§ 4532, subd. (b)). On October 7, 1987, after a section 1368 competency hearing, the court found appellant competent to stand trial.

On December 1, 1987, another information was filed charging appellant with two counts of failure to appear (§ 1320, subd. (b)). These counts arose out of appellant's failure to appear in the municipal court for a preliminary hearing on September 3, 1986, on two separate complaints each charging appellant with violation of section 476a, subdivision (a) (insufficient funds).

On February 5, 1988, the information charging escape and the informations charging two counts of failure to appear were consolidated for trial. The jury returned its verdict on March 25, 1988, after a four-day trial.

Appellant was sentenced to the lower term of 16 months in state prison on count II, and 16 months on count III, with the term for count III to run concurrently to count II. Appellant was granted 262 days actual local time, and 131 days local conduct credits, for a total of 393 days credit.

### FACTS

On August 9, 1986, appellant was a resident of the Fresno County jail as a result of a number of charges of violating section 476a, subdivision (a) (insufficient funds), several counts of insurance fraud (Ins. Code, § 556, subd. (a)(1) & subd. (a)(3)), burglary (§ 459) and grand theft (§ 487, subd. 1). His total bail was $1,750,000.

On August 9, 1986, while he was in custody in the Fresno County jail, appellant called a bail bondsman he knew and arranged for the bondsman to bail out Floyd Mosley, an inmate who had bail set at $10,000. The bail for Mr. Mosley was posted, but appellant was released instead of Mr. Mosley.

The prosecution contends that appellant posed as Floyd Mosley and tricked the jail personnel into releasing him. Appellant testified that he had

---

[1] All code references are to the Penal Code unless otherwise indicated.

been told he was being released and that he thought the new charges were being dismissed.

Appellant testified that he traveled to London after he left jail and he called his attorney from London. He said his attorney advised him that no charges had been dismissed and that there had been a lot of newspaper publicity about his alleged escape from jail. He was advised to gather money to pay for his attorney fees and for bail and to return.

Appellant did not appear for the preliminary hearings on the two insufficient funds cases on September 3, 1986.

Appellant testified that he did not appear in court at that time because he was gathering money to defend himself and because he was afraid to return to Fresno because of the unfavorable publicity.

On July 24, 1987, appellant was arrested on all outstanding warrants by two investigators from the Fresno County District Attorney's office who located him in Tempe, Arizona.

## DISCUSSION

### I.

### COMPETENCY TO STAND TRIAL (§ 1368).*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### II.

### SHOULD SENTENCE FOR COUNT III BE STAYED?

■ Appellant was sentenced to concurrent terms of 16 months each on counts II and III. While the two insufficient funds cases were separately charged, a hearing was set for both of them at the same time. Appellant's failure to appear was a single act. He missed one joint hearing for two separate cases.

Appellant contends, and we agree, that the sentence on count III should have been stayed pursuant to section 654.

---

* See footnote, *ante,* page 1371.

■ Section 654 states in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . . ."

In determining whether section 654 has been violated, two tests have been applied. One test examines whether the offense arises out of a single act. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 18, fn. 1 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Manago* (1964) 230 Cal.App.2d 645, 647 [41 Cal.Rptr. 260].) The other test applies where a course of conduct violates more than one statute and comprises an indivisible transaction. (*People* v. *Beamon* (1973) 8 Cal.3d 625, 637 [105 Cal.Rptr. 681, 504 P.2d 905].)

"If under *any* of the enunciated tests the proscription of section 654 applies, a contrary result under another test is irrelevant." (*In re Hayes* (1969) 70 Cal.2d 604, 606, fn. 1 [75 Cal.Rptr. 790, 451 P.2d 430].) Concurrent sentences for crimes based on one act or indivisible transaction constitute multiple punishment within the meaning of section 654. (*People* v. *Lee* (1980) 110 Cal.App.3d 774, 785 [168 Cal.Rptr. 231].)

■ The single act test is applicable here. "Although section 654 does not expressly preclude double punishment when an act gives rise to more than one violation of the same Penal Code section . . . , it is settled that the basic principle it enunciates precludes double punishment in such cases also. [Citations.]" (*Neal* v. *State of California, supra,* 55 Cal.2d 11, 18, fn. 1.) "Insofar as only a single act is charged as the basis for the conviction, . . . the defendant can be punished only once. . . . [¶] Few if any crimes, however, are the result of a single physical act." (*Id.* at p. 19.)

This case presents a situation addressed in *Neal* v. *State of California, supra,* 55 Cal.2d at page 19: two convictions resulting from a single physical act but which can be punished only once. Though appellant was separately charged in two insufficient funds cases, he was sentenced twice for failing to appear for one joint hearing, both cases being set for hearing on the same date at the same time and at the same place. Appellant could only not appear once under the peculiar facts of this case. Accordingly, the sentence on count III should be stayed.

### III.

### PRESENTENCE CREDITS.*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment of sentence is reversed, and the case is remanded to the trial court with directions to stay the sentence on count III and to calculate presentence credits beginning July 24, 1987, prepare a new abstract of judgment reflecting the changes, and to supply the abstract to the Department of Corrections. As so modified, the judgment is affirmed.

Martin, Acting P. J., and Dibiaso, J., concurred.

---

*See footnote, *ante,* page 1371.