[No. A102885. First Dist., Div. Two. Oct. 12, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
IRVING LEROY DAVEY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IV.

## Counsel

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Eric D. Share, Stan M. Helfman and Ayana A. Cuevas, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**RUVOLO, J.—**

### I.

#### Introduction

Appellant Irving Leroy Davey (appellant) pleaded guilty to one count of annoying a child, and four counts of indecent exposure. The four indecent exposure counts arose from two separate incidents, in each of which appellant exposed himself to two children simultaneously. Appellant contends that his sentences on two of the indecent exposure counts should have been stayed, because each incident involved only one criminal act.

We agree, and hold as a matter of first impression that under Penal Code section 654, a single act of indecent exposure constitutes only one crime for the purpose of sentencing, regardless of the number of people who witness it.

In the unpublished portion of this opinion, we follow the California Supreme Court's recent opinion in *People v. Black* (2005) 35 Cal.4th 1238 [29 Cal.Rptr.3d 740, 113 P.3d 534] (*Black*), and reject appellant's contention that the aggravated term to which he was sentenced violated *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*).

### II.

#### Procedural History

On October 8, 2002, appellant was charged by information with the following offenses: for an incident which allegedly took place on April 7, two

counts (counts one & three) of indecent exposure with a prior indecent exposure conviction (Pen. Code, § 314.1)[1], and two counts (counts two & four) of annoying or molesting a child, with a prior conviction for the same (§ 647.6); for an incident which allegedly took place on June 9, two counts (counts five & seven) of indecent exposure with a prior indecent exposure conviction (§ 314.1), and two counts (counts six & eight) of annoying or molesting a child, with a prior conviction for the same (§ 647.6); and for an incident which allegedly took place on October 17, one count (count nine) of annoying or molesting a child, with a prior conviction for the same (§ 647.6), and one count (count ten) of engaging in lewd conduct in a public place (§ 647, subd. (a)).

As noted, appellant pleaded guilty to one count of annoying a child, and to four counts of indecent exposure. The four indecent exposure counts arose from two separate incidents, in each of which appellant exposed himself to two children simultaneously. In his original appeal, appellant contended that his sentences on two of the indecent exposure counts should have been stayed, because each incident involved only one criminal act.

■ During the pendency of that appeal, the United States Supreme Court decided in *Blakely, supra,* 542 U.S. 296 that all facts (other than a prior conviction) allowing a criminal defendant's sentence to be increased beyond an otherwise applicable statutory maximum must be proved to a jury beyond a reasonable doubt. Appellant was sentenced to the aggravated term on his conviction for annoying a child. We requested supplemental briefs regarding the applicability of *Blakely* to this case.

■ In a partially published opinion filed on October 13, 2004 (*People v. Davey* (A102885) (*Davey I*)), we agreed with appellant's principal appellate argument, and held that under section 654, a single act of indecent exposure constitutes only one crime for the purpose of sentencing, regardless of the number of people who witness it. In the unpublished portion of that opinion we also concluded that *Blakely* requires reconsideration of the imposition of an aggravated sentence as well as the portions of appellant's sentence affected by the section 654 issue. We therefore remanded the case to the trial court for resentencing consistent with that opinion.

The Attorney General filed a petition for review with the California Supreme Court seeking review of *only* the *Blakely* issue. This petition was subsequently granted, and on September 7, 2005, an order was issued by the

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

Supreme Court transferring the matter to this court with directions to vacate our prior decision, and to reconsider the case in light of *Black, supra*, 35 Cal.4th 1238 (Cal. Rules of Court, rule 29.3(d)).

Because the Supreme Court granted the Attorney General's petition for review, our prior published opinion is no longer considered published (Cal. Rules of Court, rule 976(d)(1)). Accordingly, we reissue our prior published opinion in part III, and address the issue which is the subject of the Supreme Court's September 7, 2005 order, in part IV.

## III.[2]

### SECTION 654 ISSUE

■ Appellant argues that two out of his four eight-month sentences for indecent exposure should have been stayed under section 654. Section 654, subdivision (a), provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision . . . ." The purpose of the statute is "to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute and thus constitutes more than one crime." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135 [54 Cal.Rptr.2d 578]; see, e.g., *People v. Latimer* (1993) 5 Cal.4th 1203, 1207–1212, 1216–1217 [23 Cal.Rptr.2d 144, 858 P.2d 611] [section 654 required stay of sentence on kidnapping committed for sole purpose of facilitating rape of kidnap victim]; *Neal v. State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839] (*Neal*) [section 654 precluded consecutive sentence for arson committed for sole purpose of killing persons in building].) Although section 654 by its terms bars only multiple punishment for a single act violating more than one statute, it has long been interpreted also to preclude multiple punishment for more than one violation of a single Penal Code section, if the violations all arise out of a single criminal act. (*Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 349, 353 [211 Cal.Rptr. 742, 696 P.2d 134] [section 654 bars multiple convictions for driving under the influence based on one incident, even if driver causes injury to several persons]; see also *Neal, supra*, 55 Cal.2d at p. 18, fn. 1.)

---

[2] The following section is a verbatim reissuance of part II from our prior opinion in No. A102885.

■ Under established case law, there are two limitations on the scope of section 654's ban on multiple punishment. First, when multiple victims are targeted by a single episode of violent criminal conduct, the perpetrator may be punished separately for the crimes committed against each victim. (*Neal, supra,* 55 Cal.2d at pp. 20–21; see generally *People v. Hall* (2000) 83 Cal.App.4th 1084, 1088–1090 [100 Cal.Rptr.2d 279] (*Hall*) [discussing case law under multiple-victim exception].) Second, multiple crimes that arise from a single course of criminal conduct may be punished separately, notwithstanding section 654, if the acts constituting the various crimes serve separate criminal objectives. (See, e.g., *People v. Harrison* (1989) 48 Cal.3d 321, 324–325, 336–338 [256 Cal.Rptr. 401, 768 P.2d 1078] [consecutive sentences for separate acts of penetration committed during single episode of sexual assault were not barred by section 654, because the defendant intended to commit a number of separate criminal acts]; *People v. Jimenez* (2002) 99 Cal.App.4th 450, 456 [121 Cal.Rptr.2d 426] [upholding conviction of three separate violations of same child molestation statute based on single incident during which the defendant fondled three separate portions of victim's body].)

The question posed by the present case is whether, under either of these exceptions to section 654, a single act of indecent exposure witnessed by more than one person may result in sentencing on more than one count. Neither party has cited, and our research has not disclosed, any published California case addressing this specific question.[3]

## A.  Multiple Victims

Appellant argues in the present case that the exception for multiple victims of violent crime does not apply because his crime was not one of violence against the person. Respondent's argument does not squarely address this issue, appearing to focus instead on the exception for separate criminal objectives. In any event, we find appellant's argument on the multiple victim issue persuasive.

■ "A review of the relevant case law since *Neal*[, *supra,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839],] reveals that in each case where a criminal act qualified for the multiple-victim exception, the criminal act—that is, the crime of which defendant was convicted, including any allegations in en-

---

[3] We note, however, that the courts of two other states have concluded that a single incident of indecent exposure constitutes only one crime, even if witnessed by more than one person. (*State v. Eisenshank* (1974) 10 Wn.App. 921 [521 P.2d 239]; *Young v. State* (1953) 159 Tex.Crim. 163 [261 S.W.2d 838].) Our research has not disclosed any case from any other state that holds to the contrary.

hancement—was *defined* by statute to proscribe an act of violence against the person, that is, as *Neal* [citation] put it, an act of violence committed 'with the intent to harm' or 'by means likely to cause harm' to a person. [Citations.] Indeed, the California Supreme Court has stated that '[a] defendant may properly be convicted of multiple counts for multiple victims for a single criminal act *only* where the act *prohibited by the statute* is centrally an "act of violence against the person." ' [Citation.]" (*Hall, supra,* 83 Cal.App.4th at p. 1089, italics added by *Hall.*) Thus, "in each case where the multiple-victim exception was satisfied, the qualifying crime, at least in conjunction with any allegations in enhancement, was defined to proscribe an act of violence committed against the person." (*Id.* at p. 1091, italics omitted.)

In *Hall, supra,* 83 Cal.App.4th 1084, the court held that section 654 precluded consecutive sentences for three counts of exhibiting a firearm in the presence of peace officers, based on a single incident in which the defendant emerged from his house, which the police had surrounded, holding a loaded shotgun. After analyzing the statute under which the defendant was convicted (§ 417, subd. (c)), the court concluded that it did not define a crime of violence against the person so as to allow consecutive sentences under the multiple-victim exception. (83 Cal.App.4th at pp. 1091–1095.)

*People v. Garcia* (2003) 107 Cal.App.4th 1159 [132 Cal.Rptr.2d 694] provides another recent example of a case holding the multiple-victim exception inapplicable because the underlying crime was not one of violence. In *Garcia,* the defendant drove his car at a high speed for 30 minutes in an attempt to evade three police officers who were chasing him. The trial court convicted him on three felony counts of evading police. On appeal, however, the Attorney General confessed error, and the court reversed two out of the three convictions. The court reasoned that only one conviction could result from the defendant's single course of conduct, even though three police officers were pursuing him, because felony evading, though dangerous, is not a crime of violence against the person. (*Id.* at pp. 1162–1164.)

■ Respondent argues that *Hall* is distinguishable because the Hall court reasoned that the culpability of the defendant in that case did not depend on the number of people who observed him brandishing his firearm (see *Hall, supra,* 83 Cal.App.4th at pp. 1095–1096), whereas appellant's culpability here is increased by the fact that he did not exhibit himself to random passersby, but rather chose to do so to young girls who were captive and defenseless, and who were scared and traumatized by his actions. We find this argument unpersuasive because as the case law makes clear, and as *Hall* squarely held, the applicability of the multiple-victim exception to section

654 does not turn on the defendant's degree of moral blameworthiness, but rather on whether the crime the defendant committed is one defined to involve an act of violence.

■ In holding that indecent exposure is not a violent crime for the purpose of the multiple-victim exception under section 654, we do not in the least intend to condone appellant's despicable behavior. Nor are we insensitive to the psychological harm it may have caused to the innocent children he chose to victimize. Nonetheless, his crime is not statutorily defined as involving violence to the person, and the case law clearly limits the applicability of the multiple-victim exception to crimes that are so defined.

## B. Separate Criminal Objectives

Perhaps recognizing that the law is as described above, on this appeal respondent does not appear to press for application of the multiple-victim exception. Rather, relying primarily on *People v. McCoy* (1992) 9 Cal.App.4th 1578 [12 Cal.Rptr.2d 476] (*McCoy*), respondent argues that the judgment should be affirmed because appellant "had separate criminal objectives warranting a consecutive sentence for each conviction."

In *McCoy*, the defendant was estranged from his wife, the mother of his three children. Under orders issued by the family court, the mother had custody of the couple's two daughters, while the defendant had custody of their son, and each parent had visitation rights with the children in the other parent's custody. At one point, when the mother finished a visitation period with the son, she delivered all three children to the defendant with the understanding that the daughters were to be returned to her at the end of the defendant's visitation period a few days later, and the son was to be delivered for another visitation period a week after that. Instead, the defendant absconded with all three children and went to Florida. (*McCoy, supra,* 9 Cal.App.4th at p. 1582.)

The defendant was convicted of three counts of violating a child custody order. On appeal, the court rejected the defendant's contention that section 654 precluded him from being given consecutive sentences on each of the three counts, because all three convictions arose from the single transaction of absconding with his children.[4] In so doing, the court reasoned that the

---

[4] The procedural posture of *McCoy* was somewhat unusual, but not in any way that affected the reviewing court's analysis of the section 654 issue. The defendant agreed to a "slow plea" (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086]), waiving his right to trial in exchange for a promise not to sentence him to consecutive terms. On appeal, he argued that his plea agreement was invalid because he was not aware that the

defendant's "characterization of his crimes as having a single objective of 'having sole custody of his children . . .' [was] too broad." (*McCoy, supra,* 9 Cal.App.4th at p. 1585.) Instead, the court found that the defendant "harbored three separate criminal objectives which were independent and not merely incidental to each other," because "[h]is intent to violate the custody agreements as to [the daughters] and to violate the visitation agreement as to [the son] was personal to each child." (*Id.* at p. 1586.) Moreover, "[i]n depriving his wife of her custodial/visitation rights to all three of her children, defendant acted more culpably than had he deprived his wife of her rights to one of the children." (*Ibid.*)

■ We have no quarrel with the reasoning or the result in *McCoy,* but find it distinguishable from the present case. "The test for determining whether section 654 prohibits multiple punishment has long been established: 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If *all of the offenses were incident to one objective,* the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Britt* (2004) 32 Cal.4th 944, 951–952 [12 Cal.Rptr.3d 66, 87 P.3d 812], italics added.) Thus, for example, our Supreme Court recently held, in *People v. Britt,* that a registered sex offender who changes residence within California cannot be punished separately both for failing to notify authorities in the county of the former residence and for failing to do so in the county of the new residence, because the offender's "objective—avoiding police surveillance—was achieved just once, but only by the combination of both reporting violations." (*Id.* at p. 953.)

Here, respondent argues that in each of appellant's incidents of indecent exposure, he had multiple criminal objectives. Respondent does not, however, identify what those multiple objectives were. It is true that here, as in *McCoy,* appellant's crimes involved multiple children. Unlike the parental abductions involved in *McCoy,* however, appellant's crimes were not *personal* to each of the children separately; rather, the children were strangers to him, and it appears that he chose them more or less randomly based on their age and the existence of an opportunity.

We have also considered *People v. Jimenez, supra,* 99 Cal.App.4th 450, although it did not expressly discuss section 654. *People v. Jimenez* held that a child molester who fondled several separate portions of his victim's body

---

sentencing promise he received was actually valueless, because consecutive terms would have been barred by section 654 in any event. (*McCoy, supra,* 9 Cal.App.4th at pp. 1583–1584.)

was properly convicted of several counts of child molestation under section 288. (*People v. Jimenez, supra*, at pp. 453–456.) In so doing, the court relied on *People v. Harrison, supra*, 48 Cal.3d 321, which held that section 654 did not require that sentence be stayed on any of the defendant's multiple convictions for penetration with a foreign object, even though all were committed on the same victim and on the same occasion, because of the "defendant's intent to commit a number of separate base criminal acts upon his victim." (*People v. Harrison, supra*, at p. 337.) In this case, however, there is nothing in the record to suggest that appellant either intended or achieved any separate criminal objective by exposing himself to two girls rather than one.

Rather, the present case is more like *People v. Spirlin* (2000) 81 Cal.App.4th 119 [97 Cal.Rptr.2d 1], in which the defendant committed three different robberies using the same handgun, while remaining in continuous constructive possession of the gun during the entire period. The defendant was convicted of three counts of being a felon in possession of a gun. The court held that section 654 required that the sentences on two out of the three counts be stayed, because the defendant did not achieve more than one separate criminal objective by illegally possessing the same firearm for a continuous period of time. (81 Cal.App.4th at pp. 128–131.)

█ Similarly, a single incident of indecent exposure presumably provides a single occasion of sexual gratification, regardless of the number of persons in whose presence the exposure occurs. Accordingly, we conclude that the multiple-objectives exception to section 654 does not apply to a single incident of indecent exposure committed in the presence of multiple persons.

## IV.[*]

### APPELLANT'S AGGRAVATED SENTENCE DOES NOT VIOLATE *BLAKELY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante*, page 384.

## V.

### DISPOSITION

Our prior decision in *Davey I* is hereby vacated. The judgment as entered is reversed, and the case is remanded to the trial court for resentencing and entry of a new judgment consistent with this opinion.

Kline, P. J., and Haerle, J., concurred.

On October 17, 2005, the opinion was modified to read as printed above.