WERDEGAR, J., Concurring.
Although I agree with the majority’s result, I write separately to explain my view of the correct approach to applying Penal Code section 654 in this case and cases generally.[1]
The majority concludes that pursuant to section 654, defendant, a felon found with a loaded pistol in his car, can be punished only once notwithstanding his behavior violated three different criminal statutes. Although I agree with this result, I join Justice Liu’s separate opinion because the majority does not persuasively explain how it has determined defendant *361 committed only one punishable act. As Justice Liu states, we should apply the test set forth in Neal v. State of California (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839] (Neal), which held that “[w]hether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.” (Italics added; see cone. opn. of Liu, J., post, at p. 369.) Because the evidence demonstrates defendant acted with but a single objective, Neal compels the conclusion that defendant may be punished only once for his crimes.
The majority’s failure to rely on Neal, supra, 55 Cal.2d 11, is as puzzling as it is mischievous. The Neal intent-and-objective test has been the law for over 50 years and, as Justice Liu explains, was questioned but ultimately endorsed by this court in People v. Latimer (1993) 5 Cal.4th 1203 [23 Cal.Rptr.2d 144, 858 P.2d 611], (See id. at p. 1216 [“[A]t this late date, any changes must be made by the Legislature, which obviously has the authority to modify the rule any time it chooses.”]; see also People v. Britt (2004) 32 Cal.4th 944, 952 [12 Cal.Rptr.3d 66, 87 P.3d 812] [noting our criticism in Latimer].) Despite this court’s invitation to the Legislature to reexamine the statute, the Legislature has neither abrogated nor amended it. Under the circumstances, we should find the Legislature has acquiesced in the Neal test and simply apply it here. By failing to do so, the majority creates uncertainty where none previously existed.
I.
More than a century old and deceptively simple in its terms,[2] section 654 has nonetheless confounded courts through the years. Just recently, this court faced how, or whether, section 654 applied to criminal sentence enhancement provisions. We concluded that for the particular enhancements involved in that case, the Legislature had specifically addressed the issue in section 1170.1, permitting the sentencing court to impose both a firearm use enhancement (§ 12022.5, subd. (a)) and a great bodily injury enhancement (§ 12022.7, subd. (e)) for essentially the same act: shooting the victim. (People v. Ahmed (2011) 53 Cal.4th 156 [133 Cal.Rptr.3d 856, 264 P.3d 822].) I agreed with this reasoning but joined the concurring opinion of my colleague Justice Liu to disavow the majority’s unnecessary discussion of how section 654 might apply to enhancement provisions in general. (Ahmed, at pp. 168-169 (cone, opn. of Liu, J.).)
*362 In People v. Correa (2012) 54 Cal.4th 331 [142 Cal.Rptr.3d 546, 278 P.3d 809], filed the same day as the instant case, the question of the application of section 654 arises with respect to a felon apprehended in simultaneous possession of seven illegal firearms. Did he commit one punishable act of being a felon in possession of a firearm (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1)) or seven punishable acts? The Correa majority holds the defendant may be punished seven separate times. As I explain in my separate opinion in Correa, I agree with that result because the Legislature amended former section 12001 to add subdivision (k), which provided that each illegal weapon possession was a separate crime, and the Legislature must have intended by this amendment that each conviction could be separately punished. (Correa, at pp. 346, 348 (cone. opn. of Werdegar, J.).)
Finally, this court in a divided opinion recently decided People v. Mesa (2012) 54 Cal.4th 191 [142 Cal.Rptr.3d 2], in which we held that section 654 prohibits punishing a defendant for both an assault with a firearm (§ 245, subd. (a)(2)) and participation in a criminal street gang (§ 186.22, subd. (a)), when both crimes are based on the same act: shooting the victim. Together with the instant case, that makes four cases in this court involving the application of section 654 in just six months {Ahmed, Jones, Correa, Mesa). The confusion concerning the scope and meaning of the statute thus continues unabated.
Over the years, we have attempted to bring certainty to the application of section 654 by glossing the statutory language in two principal ways. First, we found the “act or omission” referenced in the section could be a course of conduct that includes several acts indivisible in time if pursued according to a single objective or intent. {People v. Beamon (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905]; Neal, supra, 55 Cal.2d at p. 19.) If those acts have separate and independent objectives or intents, however, multiple punishment is permissible, even if the acts are very close in time. {People v. Harrison (1989) 48 Cal.3d 321, 335 [256 Cal.Rptr. 401, 768 P.2d 1078].) Second, despite no explicit reference to victims in section 654, we held that a single act can be punished more than once if it impacts multiple victims. {People v. Oates (2004) 32 Cal.4th 1048, 1063 [12 Cal.Rptr.3d 325, 88 P.3d 56]; People v. King (1993) 5 Cal.4th 59, 78 [19 Cal.Rptr.2d 233, 851 P.2d 27]; People v. McFarland (1989) 47 Cal.3d 798, 803 [254 Cal.Rptr. 331, 765 P.2d 493]; Neal, at pp. 20-21.) In addition, we have opined that section 654 applies to limit the punishment for multiple violations of the same criminal statute {Neal, at p. 18, fn. 1), although the section speaks only of acts or omissions “punishable in different ways by different provisions of law” (§ 654, italics added).
These interpretations of section 654 are admittedly strangers to the statute’s actual wording. Nevertheless, they have until recently stood the test of time, *363 have not been altered by the Legislature, and are now part of the fabric of the law. But despite our best efforts, no coherent approach to applying the statute has emerged.
Indeed, in seeking to bring clarity to the statute, we have come full circle. In this case, for example, we overrule one of our earlier decisions on the subject, In re Hayes (1969) 70 Cal.2d 604 [75 Cal.Rptr. 790, 451 P.2d 430], which held a defendant who drove while intoxicated and with a suspended license committed two, separately punishable acts. (Maj. opn., ante, at p. 357.) And in People v. Correa, supra, 54 Cal.4th 331, 334, the majority disapproves the venerable and long-followed interpretation of section 654 that made it applicable to multiple violations of the same statute.[3]
Although, as noted, this court has on a number of occasions urged the Legislature to intervene and clarify the law,[4] with but one exception not applicable here[5] the Legislature has not enacted any substantive modification of section 654. Thus, the terms of the section remain largely the same as they were 50 years ago when we decided Neal, supra, 55 Cal.2d 11.
*364 II.
That the Legislature has not acted to clarify the applicability of section 654 does not mean it has been inactive in addressing the question of multiple punishment for a single act or omission. Rather, as I will discuss, the Legislature has indicated in many substantive criminal statutes themselves, either expressly or impliedly, whether or not section 654 applies to limit multiple punishment.
The restriction on multiple punishment for the same act or omission is statutory only, and the Legislature—short of constitutional limits imposed by the Eighth Amendment to the United States Constitution and article I, section 17 of the California Constitution—can freely modify or alter the scope of section 654. Although we previously have opined that, “[h]ad the Legislature intended to override the century-old ban of section 654 on multiple punishment of violations based on the ‘same act or omission,’ it would have made that purpose explicit’’ (People v. Siko (1988) 45 Cal.3d 820, 824 [248 Cal.Rptr. 110, 755 P.2d 294]), the Legislature has not always been so “explicit” in its wishes with regard to the section’s applicability.
Yet the Legislature has on some occasions made its intent clear. For example, section 1170.1, the default criminal sentencing statute, begins: “Except as otherwise provided by law, and subject to Section 654,” the offender shall be sentenced in a certain manner. (§ 1170.1, subd. (a), italics added.) Similarly, section 32000, subdivision (c), concerning the manufacture, importation or sale of unsafe handguns, provides: “Violations ... are cumulative with respect to each handgun and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by this section and other provisions of law shall not be punished under more than one provision, but the penalty to be imposed shall be determined as set forth in Section 654” (Italics added.) Other examples of penal statutes that explicitly note the applicability of section 654 include section 422.6, subdivision (d), concerning the crime of interfering with a person’s exercise of his or her civil rights (“the penalty to be imposed shall be determined as set forth in Section 654”), and section 627.10, concerning crimes committed on school grounds (“no punishment shall be imposed contrary to Section 654”). In these instances the Legislature has made clear that section 654 applies to limit imposition of multiple punishment for the same act or omission.
The Legislature has also fashioned penal laws that expressly exempt their operation from section 654’s limits on multiple punishment. For example, section 30615, concerning commission of a crime with an assault weapon, provides: “Notwithstanding Section 654 or any other provision of law, any *365 person who commits another crime while violating this article may receive an additional, consecutive punishment of one year for violating this article, in addition and consecutive to the punishment, including enhancements, which is prescribed for the other crime.” (Italics added.)
In addition to these instances of an express mention of the applicability vel non of section 654, courts in a number of situations have been able to discern the Legislature’s implied intent regarding the section. For example, in People v. Benson, supra, 18 Cal.4th at page 31, we held the phrase “Notwithstanding any other provision of law” in the “Three Strikes” law meant that a prior conviction for which the sentence was stayed pursuant to section 654 could still count as a strike even though the statutory language made no express reference to section 654.
Nor was People v. Benson the only case to find an implied exception to section 654’s general application. As we observed in People v. Palacios (2007) 41 Cal.4th 720, 730 [62 Cal.Rptr.3d 145, 161 P.3d 519]: “[C]ourts have repeatedly upheld the Legislature’s power to override section 654 by enactments that do not expressly mention the statute. In People v. Hicks (1993) 6 Cal.4th 784, 791-792 [25 Cal.Rptr.2d 469, 863 P.2d 714], we held that the Legislature, in enacting section 667.6, subdivision (c),[6] was not required to cite section 654 to demonstrate its intent to create an exception to its provisions. In People v. Ramirez (1995) 33 Cal.App.4th 559, 573 [39 Cal.Rptr.2d 374], the court held that, with regard to section 667, subdivision (e),[7] ‘A statute which provides that a defendant shall receive a sentence enhancement in addition to any other authorized punishment constitutes an express exception to section 654.’ In People v. Powell (1991) 230 Cal.App.3d 438, 441 [281 Cal.Rptr. 568], a case predating the enactment of the Three Strikes law, the court concluded that Health and Safety Code section 11370.2[8] authorized double punishment in addition to any other authorized penalty, thus prevailing over section 654 even though section 654 was not mentioned in the statute.”
*366 People v. Palacios itself is a good example of a case in which we found section 654 inapplicable despite the absence of an express exemption. Palacios concerned section 12022.53, the so-called “10-20-life law” (see People v. Jones (2009) 47 Cal.4th 566, 570 [98 Cal.Rptr.3d 546, 213 P.3d 997] [§ 12022.53 is “also known as ‘the 10-20-life law’ ”]), which severely punishes the use of a firearm while committing certain serious or violent felonies. Although section 12022.53 does not mention section 654, subdivisions (b), (c) and (d) all begin with the phrase, “[notwithstanding any other provision of law,” and subdivision (f) provides in part: “Only one additional term of imprisonment under this section shall be imposed per person for each crime.” (Italics added.) Considering this statutory language, we held that despite the Legislature’s failure to expressly exempt the “10-20-life law” from section 654, enhancement sentences imposed pursuant to the statute were not limited by section 654, and “[t]o hold otherwise would contravene the plain language of section 12022.53.” (People v. Palacios, supra, 41 Cal.4th at p. 723.)
Even where a sentencing statute does not say it applies “notwithstanding any other provision of law,” or that a sentence should be imposed “in addition to any other punishment authorized by law,” or that a “full, separate, and consecutive term may be imposed,” the Legislature sometimes specifies in other ways that more than one punishment is permissible for the same act. For example, section 12022.53, subdivision (e) sets forth the conditions for imposing for the same act both a “10-20-life” enhancement and a criminal street gang enhancement (§ 186.22, subd. (b)): the principal in an enumerated crime must have personally used and/or intentionally discharged a firearm, and/or proximately caused great bodily injury or death. (See People v. Jones, supra, 47 Cal.4th at pp. 580-581 (cone. opn. of Werdegar, J.).) Similarly, as we held in People v. Ahmed, supra, 53 Cal.4th 156, section 1170.1, subdivisions (f) and (g) state specifically that the single act of shooting someone can be the basis for two enhancements: one for firearm use and one for inflicting great bodily injury.
*367 In short, some penal statutes expressly reference section 654 or the availability of multiple punishment, but for many that do not the courts have found an implied exception to the ban on multiple punishment for the same act or omission, such as when the statute provides that a sentencing scheme applies “notwithstanding any other provision of law” or otherwise “include[s] language expressly authorizing multiple punishments.” (People v. Le (2006) 136 Cal.App.4th 925, 933 [39 Cal.Rptr.3d 146].)
Against this background and also relevant to the application of section 654 is the Legislature’s action in greatly increasing the lengths of individual criminal sentences. As we have often recognized, “the purpose of section 654 is to ensure that a defendant’s punishment will be commensurate with his culpability.” (People v. Correa, supra, 54 Cal.4th at p. 341; see People v. Ceja, supra, 49 Cal.4th at p. 8; People v. Britt, supra, 32 Cal.4th at p. 953; People v. Kramer, supra, 29 Cal.4th at pp. 723-724; People v. Latimer, supra, 5 Cal.4th at p. 1211; People v. Perez (1979) 23 Cal.3d 545, 550-551 [153 Cal.Rptr. 40, 591 P.2d 63]; Neal, supra, 55 Cal.2d at p. 20.) Viewing the statute in this light, we can infer the greater a defendant’s punishment for committing an act under one provision of law, the more congruent with legislative intent application of section 654’s prohibition on multiple punishment is likely to be.
The punishments prescribed for various criminal activities have been on an upward spiral for many years. In the last 34 years (that is, since the advent of the determinate sentencing law),[9] base terms for many felonies have doubled or even tripled. In 1978, the punishment for all types of first degree robbery was two, three or four years. (Former § 213; Stats. 1977, ch. 165, § 5, p. 642.) Today, the punishment for robbery in concert in a home (what is commonly referred to as a home invasion robbery) is three, six or nine years. (§ 213, subd. (a)(1)(A).) In 1978, the punishment for any attempted murder was five, six or seven years in prison. (Former § 664; Stats. 1977, ch. 165, § 12, p. 644.) Today, an attempted premeditated and deliberate murder carries a penalty of life in prison. (§ 664, subd. (a).) In 1978, the punishment for forcible rape, including of a person under 14 years of age, was three, four or five years. (Former §264; Stats. 1976, ch. 1139, §154, p. 5106.) Today, forcible rape of a person under 14 carries a base term of nine, 11 or 13 years. (§ 264, subd. (c)(1).) The penalty for forcible sodomy of a child under 14 has *368 likewise increased from two, three or four years (former § 286, subd. (c); Stats. 1977, ch. 490, § 1, pp. 1613-1614) to nine, 11 or 13 years (§ 286, subd. (c)(2)(B)), and forcible oral copulation of a minor from two, three or four years (former § 288a, subd. (c); Stats 1977, ch. 490, § 2, p. 1614) to eight, 10 or 12 years (§ 288a, subd. (c)(2)(B)). The punishments for many other sexual crimes mirror these increases.
Not only has the Legislature increased the base sentences for crimes, it has enacted enhancements such as the “10-20-Iife law” (§ 12022.53) and the California Street Terrorism Enforcement and Prevention Act (STEP Act) (§ 186.22, subds. (b)-(j)), as well as alternative sentencing schemes such as the Three Strikes law (§ 667, subds. (b)-(i); see § 1170.12 [enacted by initiative measure]), the “One Strike” law (§ 667.61) and the provision of full-term consecutive sentences for violent sex offenses (§ 667.6), which together have transformed the penal consequences of criminal activity such that sentences of more than 100 years—essentially life in prison without any possibility of release within the offender’s lifetime—are not uncommon.
I mention these sentencing changes not to comment on their wisdom or appropriateness; short of constitutional limits, the setting of criminal penalties is for the Legislature and not the judiciary. But the advent of such increased sentences is relevant to the concern of section 654, which was first enacted in 1872 and applied during the long period in which criminal sentencing was governed by the indeterminate sentencing law, that the sentences be commensurate with an offender’s personal culpability. Today, under the determinate sentencing law, sentences for a single “act or omission” often are so long that, absent an express or implied exception, one may reasonably infer that application of section 654’s ban on multiple punishment for the same act would be most congruent with the legislative intent in enacting such increased sentence provisions.
III.
Considering the many times' the Legislature has expressly or impliedly provided that section 654 does or does not apply to limit multiple punishment, and in light of the length of criminal sentences today, we should find section 654 generally applicable in all situations to prohibit multiple punishment, unless an offender engaged in a course of conduct and acted with multiple intents (People v. Harrison, supra, 48 Cal.3d at p. 335), or impacted multiple victims (People v. Oates, supra, 32 Cal.4th at p. 1063), or some express or implied statutory exception to the section’s applicability exists. Because the Legislature often specifically addresses the multiple punishment possibility when enacting criminal statutes, and frequently establishes by implication exceptions to the rule against multiple punishment for the same *369 act or omission, we should simply assume that in the absence of an exception, section 654 will apply. Close cases, such as the present one, in which it may be difficult to discern whether the defendant committed one act or several and hence the extent of his or her culpability, should be resolved in favor of finding one act, for the Legislature will clarify when an act is multiple or singular.[10] In short, we should assume the longest base term (plus any applicable enhancements) as provided by the Legislature for a defendant’s act is sufficient to meet the Legislature’s penological, retributive and rehabilitative goals.
With these caveats in mind, I concur with the majority’s result here that defendant Jarvonne Feredell Jones may be punished only once for his possession of a loaded firearm.
Liu, J., concurred.

 All subsequent statutory references are to the Penal Code unless otherwise stated.

 Section 654, subdivision (a) provides: “An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.”

 See, e.g., People v. Davey (2005) 133 Cal.App.4th 384, 389 [34 Cal.Rptr.3d 811] (§ 654 has been “interpreted also to preclude multiple punishment for more than one violation of a single Penal Code section, if the violations all arise out of a single criminal act”); People v. Hall (2000) 83 Cal.App.4th 1084, 1088 [100 Cal.Rptr.2d 279] (same); People v. Gbadebo-Soda (1989) 215 Cal.App.3d 1371, 1375 [264 Cal.Rptr. 237] (same); People v. Anderson (1987) 191 Cal.App.3d 207, 214 [236 Cal.Rptr. 329] (same).

 People v. Latimer, supra, 5 Cal.4th at page 1216; see People v. Benson (1998) 18 Cal.4th 24, 29 [74 Cal.Rptr.2d 294, 954 P.2d 557] (“the Legislature is free to authorize the designation of such prior felony convictions as separate priors . . .” to permit multiple punishment despite § 654); People v. Ahmed, supra, 53 Cal.4th at page 169 (cone. opn. of Liu, J.) (“[T]he Legislature may wish to clarify the scope of Penal Code section 654 in general, and how that statute applies to criminal sentence enhancements in particular.”).

 Members of this court had previously urged the Legislature to amend section 654 to specify that where a defendant stands convicted of multiple crimes stemming from the same act, the trial court should choose the crime carrying the longest single sentence as the base term. (People v. Norrell (1996) 13 Cal.4th 1, 12 [51 Cal.Rptr.2d 429, 913 P.2d 458] (cone. opn. of Baxter J.) [“Just as the Legislature could presumably repeal the statute altogether, so too may it amend the statute to ensure that a defendant convicted of multiple crimes does not receive more lenient treatment by virtue of section 654 than he could have received if the statute did not apply.”]; id. at p. 23 (cone. & dis. opn. of Arabian, J., joined by Kennard and George, JJ.) [“I hope the Legislature will heed my call, and amend that statute . . . .”].)
“The provision of section 654 requiring the longest available term of imprisonment was added by the Legislature in response to a judicial decision permitting trial courts to choose a lesser sentence. (See People v. Kramer (2002) 29 Cal.4th 720, 722-723 [128 Cal.Rptr.2d 407, 59 P.3d 738]; Stats. 1997, ch. 410, § 1, p. 2753.) The amendment was intended to require punishment commensurate with culpability, and avoid the anomaly of a lesser sentence being imposed because the defendant had been convicted of two crimes instead of one.” (.People v. Ceja (2010) 49 Cal.4th 1, 7-8 [108 Cal.Rptr.3d 568, 229 P.3d 995].)

 Section 667.6, subdivision (c), in 1993 as now, provided in pertinent part: “In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of’ enumerated offenses. (Italics added.)

 Section 667, subdivision (e), the Three Strikes provision, provided in 1995, as now, that a Three Strikes offender should be sentenced to a Three Strikes sentence “in addition to any other enhancement or punishment provisions which may apply . . . .” (Italics added.)

 Health and Safety Code section 11370.2 provides in pertinent part: “(a) Any person convicted of a violation of, or of a conspiracy to violate, [Health and Safety Code] Section 11351, 11351.5, or 11352 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate [certain enumerated drug crimes], whether or not the prior conviction resulted in a term of imprisonment, [f] (b) Any person convicted of a violation of, or of a conspiracy to violate, *366 [Health and Safety Code] Section 11378.5, 11379.5, 11379.6, 11380.5, or 11383 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate [certain enumerated drug crimes], whether or not the prior conviction resulted in a term of imprisonment. [][] (c) Any person convicted of a violation of, or of a conspiracy to violate, [Health and Safety Code] Section 11378 or 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of Section 11055 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate [certain enumerated drug crimes], whether or not the prior conviction resulted in a term of imprisonment.” (Italics added.)

 “California’s determinate sentencing law became operative on July 1, 1977, replacing the prior system under which most offenses carried an indeterminate sentence. (Added by Stats. 1976, ch. 1135, § 273, p. 5140 and as amended by Stats. 1977, ch. 165, § 1 et seq., pp. 639-680.) In enacting the new sentencing scheme, the Legislature declared that the purpose of imprisonment is punishment, and that this purpose is ‘best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances.’ (§ 1170, subd. (a)(1).)” (People v. Black (2005) 35 Cal.4th 1238, 1246 [29 Cal.Rptr.3d 740, 113 P.3d 534].)

 For example, for possession of heroin or cocaine, it might be difficult in the abstract to determine whether the offender has committed one act or several. Suppose he is arrested in possession of 12 separately packaged kilos of cocaine; is that one act or 12? The Legislature has impliedly settled the matter: it is one act subject to an additional enhancement term based on the overall weight of the contraband. (Health & Saf. Code, § 11370.4, subd. (b)(3).)