Filed 5/10/16  P. v. Bauer CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESSICA ANNE BAUER,<br><br>        Defendant and Appellant. | A144833<br><br>(Mendocino County<br>Super. Ct. Nos.<br>SC-UK-CR-CR-13-0071721-002,<br>SC-UK-CR-CR-13-0075428-002 &<br>SC-UK-CR-CR-14-0077477-002) |

Defendant Jessica Anne Bauer was charged in two separate cases with various crimes, including transportation of a controlled substance.  After defendant missed a joint hearing for both cases, she was charged with and pleaded guilty to two different counts of failure to appear, one for each case.  In connection with these two counts, the court sentenced defendant to two consecutive eight-month terms.  Defendant now appeals, arguing the trial court improperly punished her twice for the same act in violation of Penal Code[1] section 654.  We agree and reverse.

Additionally, defendant appeals the validity of her plea of no contest to the transportation of a controlled substance charge on the grounds the statutory provision defining that crime was amended to add an additional element before the judgment became final.  This appeal is moot because we have already granted defendant's habeas corpus petition on this issue.  (*In re Bauer* (Apr. 6, 2016, A147492) [nonpub. opn.].)

---

[1] All statutory references are to the Penal Code unless otherwise specified.

# I.  BACKGROUND

On March 26, 2013, defendant was charged in case No. SC-UK-CR-CR-13-0071721-002 (hereafter the 21 case) with transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), with special allegations that defendant had a prior narcotics offense conviction and had served a prior prison term.  On July 9, 2013, defendant pleaded no contest and entered an *Arbuckle*[2] waiver in exchange for a two-year sentence, dismissal of the special allegations, and dismissal of a trailing misdemeanor matter.

Another criminal complaint was filed against defendant on March 4, 2014 in case No. SC-UK-CR-CR-13-0075428-002 (hereafter the 28 case).  Defendant was charged with two counts of grand theft (§ 487, subd. (a)), one count of forgery (§ 470, subd. (a)), and one count of second degree burglary (§§ 459, 460, subd. (b)).  The complaint further alleged defendant committed the offenses while released on bail in the 21 case.  Defendant pleaded not guilty and denied the special allegation.

On April 10, 2014, the trial court held a joint hearing for both the 21 and the 28 cases.  Defendant failed to appear, and a bench warrant was issued.  In a new case, case No. SC-UK-CR-CR-14-0077477-002 (hereafter the 77 case), defendant was charged by information with two counts of failure to appear in connection with the April 10 hearing. The first count was for failure to appear in violation of section 1320.5 in the 28 case, the second was for "failure to appear on own recognizance" in violation of section 1320, subdivision (b) in the 21 case.  The information also included special allegations that, at the time she failed to appear, defendant was released from custody on bail in the 28 case, she was released on her recognizance in the 21 case, and she had previously served a prison term.

---

[2] *People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*) entitles a defendant to insist the same court that accepts the plea also pass the sentence.  A defendant may waive this right.

In November 2014, in the 28 case, defendant pleaded guilty to the grand theft counts, and admitted to various enhancement allegations, with the remaining charges in that case dismissed. At the same time, defendant pleaded guilty to both failure to appear charges in the 77 case and admitted to one of the on-bail enhancement allegations in exchange for dismissal of the other on-bail allegation and the prior prison term allegation. Defendant was sentenced to consecutive eight-month terms for each of the failure to appear offenses.

## II. DISCUSSION

### A. *Failure to Appear*

As discussed above, defendant was charged with two counts of failure to appear at the April 10 joint hearing, one count for failure to appear in the 21 case and one count for failure to appear in the 28 case. After she pleaded guilty to both counts, the trial court sentenced her to two consecutive eight-month terms. Defendant argues the court punished her twice for the same act in violation of section 654. The argument has merit.

Section 654 provides, in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (*Id.*, subd. (a).) "It is well settled that section 654 protects against multiple punishment, not multiple conviction. [Citation.] The statute itself literally applies only where such punishment arises out of multiple statutory violations produced by the 'same act or omission.' [Citation.] However, because the statute is intended to ensure that defendant is punished 'commensurate with his culpability' [citation], its protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' " (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

In *Neal v. State of California* (1960) 55 Cal.2d 11 (*Neal*), our Supreme Court held section 654 precluded a defendant's punishment for both arson and attempted murder.

3

(*Neal*, at p. 20.) The defendant had thrown gasoline into the bedroom of two victims and ignited it. (*Id.* at p. 15.) He was tried and convicted on two counts of attempted murder and one count of arson. (*Ibid.*) The court found arson was the means of perpetrating the crime of attempted murder and was merely incidental to the primary objective of killing the victims. (*Id.* at p. 20.) It therefore concluded the defendant could only be punished for the more serious offense of attempted murder. (*Ibid.*) However, the court found consecutive sentences for the two attempted murder convictions were properly imposed, reasoning: "A defendant who commits an act of violence with the intent to harm more than one person . . . is more culpable than a defendant who harms only one person." (*Ibid.*) In a footnote, the court stated: "Although section 654 does not expressly preclude double punishment when an act gives rise to more than one violation of the same Penal Code section or to multiple violations of the criminal provisions of other codes, it is settled that the basic principle it enunciates precludes double punishment in such cases also." (*Id.* at p. 18, fn. 1.)

Relying on this footnote from *Neal*, the court in *People v. Gbadebo-Soda* (1989) 215 Cal.App.3d 1371 (*Gbadebo-Soda*), held it was error to sentence a defendant to two consecutive 16-month terms after he was convicted of two counts of failure to appear. The court found the sentence for the second failure to appear count should have been stayed pursuant to section 654. (*Gbadebo-Soda*, at p. 1374.) The court reasoned the two convictions resulted from a single physical act, failure to appear at a single hearing, and thus could only be punished once. (*Id.* at p. 1375.) As all parties appear to agree, the situation in the instant action is practically identical to that of *Gbadebo-Soda.* Here, the trial court imposed a consecutive sentence for defendant's convictions on two counts of failure to appear.

However, the Supreme Court has since disapproved of the *Neal* footnote, casting *Gbadebo-Soda*'s holding into question. In *People v. Correa* (2012) 54 Cal.4th 331 (*Correa*), the defendant was found with a stolen car and seven firearms. (*Id.* at pp. 334–335.) He was convicted of seven counts of being a felon in possession of a firearm and one count of receiving a stolen vehicle, and was sentenced to eight consecutive terms of

25 years to life, one for each firearm possession and one for receiving the stolen vehicle. (*Id.* at p. 335.)

The Supreme Court affirmed the sentence, finding the *Neal* footnote was dictum and unsupported by authority. (*Correa, supra*, 54 Cal.4th at p. 338.) The court stated: "Both the language and purpose of section 654 counsel against applying it to bar multiple punishment for violations of the *same* provision of the law." (*Id.* at p. 340.) By its terms, section 654 applied only to acts punishable in different ways by different provisions of the law. (*Correa*, at p. 341.) As to section 654's purpose, the court held *Neal*'s interpretation does not ensure a defendant's punishment is commensurate with his culpability, since " '[a] person who commits separate, factually distinct, crimes, even with only one ultimate intent and objective, is more culpable than the person who commits only one crime in pursuit of the same intent and objective.' "[3] (*Correa*, at p. 341.)

In *People v. Jones* (2012) 54 Cal.4th 350 (*Jones*), an opinion issued on the same day as *Correa*, our Supreme Court found section 654 prohibited multiple punishments for the defendant's convictions for possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public. (*Jones*, at p. 352.) All convictions were predicated on the fact the defendant had been found with a single loaded .38-caliber revolver. (*Ibid.*) The defendant was sentenced to a term of three years for each count, to be served concurrently, plus a one-year enhancement for a prior prison term. (*Ibid.*) The court reversed the sentence, reasoning section 654 prohibited multiple punishment for a single physical act that violates different provisions of law. (*Jones*, at p. 358.)

---

[3] In a concurring opinion, Justice Werdegar wrote it was proper to impose consecutive sentences for each count because the Legislature had specifically amended the Penal Code to provide that each weapon could be the basis of a separate conviction. (*Correa, supra*, 54 Cal.4th at pp. 346–347 (conc. opn. of Werdegar, J.).) Justice Werdegar asserted there was no need to proceed further and disapprove of the dictum from *Neal*. (*Correa*, at pp. 346–347 (conc. opn. of Werdegar, J.).)

In the instant action, the trial court imposed two consecutive eight-month sentences for defendant's failure to appear at a single hearing because the hearing involved two separate criminal cases, the 21 case and the 28 case. Defendant argues the consecutive sentences run afoul of section 654 and are inconsistent with both *Gbadebo-Soda* and *Jones*. The Attorney General responds section 654 applies only in cases where an act or omission is punishable in different ways by different provisions of the law. She further argues *Gbadebo-Soda* is no longer good law in light of the Supreme Court's holding in *Correa*.

We find defendant has the better argument. This is not a case like *Correa* where the defendant committed separate, factually distinct crimes, such as carrying multiple weapons, with a single ultimate objective. Nor is this a case like *Neal* where a single act or course of conduct harmed multiple victims. As in *Jones*, defendant committed a single omission, a failure to appear at a hearing, which violated different provisions of the law, section 1320 (which punishes failure to appear after release upon a defendant's own recognizance) and section 1320.5 (which punishes failure to appear while released on bail). Accordingly, this case falls squarely under section 654's prohibition against double punishment for an act punishable in different ways by different statutes.

Even if the two counts for failure to appear had been brought under the same statute, we believe double punishment would still be inappropriate. As the court held in *Correa*, the purpose of section 654 is to ensure a defendant's punishment is commensurate with his or her culpability. (*Correa*, *supra*, 65 Cal.4th at p. 343.) It is unclear why defendant should be punished more harshly merely because her failure to appear at the joint hearing for the 21 and 28 cases violated one rather than two statutes.

It is also unclear why defendant should be punished more harshly merely because the hearing at which she failed to appear concerned two cases rather than one. The Attorney General argues double punishment is appropriate because failure to appear on a date for a joint hearing on two cases is more disrespectful to the court and the other parties than if only one case had been scheduled. The argument is unavailing. A defendant's punishment for a failure to appear should not depend upon the number of

6

cases, matters, or motions scheduled for a particular day. And to the extent defendant's punishment can somehow be correlated with her level of "disrespect," we do not believe her failure to appear was twice as disrespectful merely because the joint hearing concerned two cases.

## B. *Transportation of a Controlled Substance*

In the 21 case, defendant entered a no contest plea to the charge of transporting a controlled substance in violation of Health and Safety Code section 11379. On February 20, 2015, the trial court imposed a consecutive one-year sentence on that count. Before sentencing, the Legislature amended Health and Safety Code section 11379 to add subdivision (c), which states: "For purposes of this section, 'transports' means to transport for sale." (Stats. 2013, ch. 504, § 2.) In her appeal, defendant argues we should reverse her conviction under section 11379 because there was no agreement or indication she was transporting narcotics for the purposes of sale.

This appeal is moot because on April 6, 2016, with the concession of the Attorney General, we granted defendant's habeas corpus petition and remanded for defendant to withdraw her plea and for further proceedings. (*In re Bauer, supra*, A147492.)

## III. DISPOSITION

With respect to case No. SC-UK-CR-CR-14-0077477-002, we reverse and remand with directions that the trial court stay the sentence on one of the counts for failure to appear. The judgment in case No. SC-UK-CR-CR-14-0077477-002 is affirmed in all other respects. As to case No. SC-UK-CR-CR-13-0071721-002, because defendant's habeas corpus petition was granted, the appeal is moot.

7

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Dondero, J.