[No. S103746. Dec. 23, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER WILLIAM KRAMER, Defendant and Appellant.

**COUNSEL**

Nancy L. Tetreault, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Janelle Boustany, Steven T. Oetting and Arlene Aquintey Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

CHIN, J.—Sometimes a single act constitutes more than one crime. When that happens, the person committing the act can be *convicted* of each of those crimes, but Penal Code section 654[1] prohibits *punishing* the person for more than one of them. When a defendant is convicted of two or more offenses for which section 654 prohibits multiple punishment, the trial court must impose sentence for one of them and stay imposition of sentence for the others. (See *People v. Norrell* (1996) 13 Cal.4th 1 [51 Cal.Rptr.2d 429, 913 P.2d 458] (*Norrell*).) In *Norrell*, we interpreted section 654 as allowing the court to impose sentence for any of the offenses and not necessarily for the most serious one. A year later, the Legislature amended section 654 so that, as relevant here, it now provides: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Sen. Bill No. 914 (1997-1998 Reg. Sess.) enacted as Stats. 1997, ch. 410, § 1.) We granted review to decide an issue arising under this amended version of section 654.

Defendant fired a gun at a moving car containing two occupants. For this act, a jury convicted him both of discharging a firearm at an occupied vehicle (§ 246) and assault with a firearm (§ 245, subd. (a)(2)). As to the assault charge only, the jury also found true a sentence-enhancing allegation that defendant personally used a firearm. (§ 12022.5, subd. (a).) The trial court sentenced defendant to prison for the middle term of five years for discharging a firearm at an occupied vehicle and a consecutive term of four years, the middle term, for the section 12022.5, subdivision (a), enhancement, for a total sentence of nine years. It stayed the sentence for the assault charge. The Court of Appeal held that the court erred in imposing the firearm-use enhancement for the assault charge because the court could not impose an enhancement on a count for which sentence was stayed. It also held that on remand, the court must impose sentence for the charge of discharging a firearm at an occupied vehicle rather than for the assault charge. The correctness of this latter ruling is before us.

The punishment for violating section 246 is three, five, or seven years. The punishment for violating section 245, subdivision (a)(2), is two, three, or four years. Therefore, viewing these sections in isolation, section 246 provides for the longest potential term of imprisonment. However, the

---

[1]All further statutory references are to the Penal Code.

section 246 count did not have attached to it the firearm-use enhancement of section 12022.5, subdivision (a). The section 245, subdivision (a)(2), count, did have that enhancement.[2] The firearm-use enhancement is three, four, or 10 years. Thus, the assault charge provides for a longer potential term of imprisonment if the firearm-use enhancement is included. ■ The question before us, accordingly, is whether the court considers enhancements in determining which provision provides for the longest potential term of imprisonment.

The Court of Appeal held that the sentencing court may only consider the underlying offense, and must disregard enhancements, in determining the sentence that section 654 requires it to impose. We disagree. The statutory language seems clear. Nothing in that language excludes enhancements. A maximum sentence of 14 years (for the assault plus enhancement) provides a longer potential term of imprisonment than a maximum sentence of seven years (for discharging a firearm at an occupied vehicle). Accordingly, the amended version of section 654 seems to require the court to impose sentence on the assault charge.

Even if we considered the statute less clear, a review of its purpose and legislative history supports this conclusion. (See *Estate of Griswold* (2001) 25 Cal.4th 904, 911-912 [108 Cal.Rptr.2d 165, 24 P.3d 1191].) Justice Arabian, joined by Justice Kennard and then Justice George, dissented in *Norrell, supra,* 13 Cal.4th 1, and urged the Legislature to abrogate its holding. (*Id.* at pp. 12-24 (conc. & dis. opn. of Arabian, J.); see also *id.* at pp. 11-12 (conc. opn. of Baxter, J.) [also suggesting a legislative response].) The legislative history, and its reliance on the dissent, makes clear that the Legislature did intend to abrogate that holding. Justice Arabian argued it was anomalous to permit a person to receive a lower sentence than would otherwise be possible simply because the person was convicted of *two* crimes—one with a longer sentence than the other—rather than only *one* crime—the one with the longer sentence. "As we have often stated, the purpose of section 654 'is to insure that a defendant's punishment will be commensurate with his culpability.' [Citations.] A person who commits two crimes is not less culpable than if that person had committed only one of those two crimes. Allowing a reduced sentence because of increased criminal behavior is not reasonable, and does not make punishment commensurate with culpability." (*Norrell, supra,* at p. 15 (conc. & dis. opn. of Arabian, J.),

---

[2]The reason for this circumstance is readily apparent. Section 12022.5, subdivision (a)(1), provides generally that the enhancement does not apply if firearm use is an element of the underlying offense, which precludes its application to the crime of discharging a firearm at an occupied vehicle. However, subdivision (d) of section 12022.5 provides that a firearm-use enhancement *may* be imposed if the offense is a violation of section 245, subdivision (a)(2).

italics deleted; also quoted in Sen. Com. on Public Safety, Rep. on Sen. Bill No. 914 (1997-1998 Reg. Sess.) p. 5.)

The Senate committee report stated that the bill would "require the judge to sentence a defendant to the crime for which he or she would receive the longest sentence," and would therefore limit the sentencing court "to the longest *available* sentence." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 914, *supra*, p. 2, italics added.) The same report stated that the "bill is in response to, and would overturn, the holding in [*Norrell, supra*, 13 Cal.4th 1]." (*Id.* at p. 3.) The report of the Assembly Committee on Public Safety on the same bill quotes the bill's author: " 'It defies common sense that a defendant convicted of a string of crimes could avoid being sentenced on the most serious crime for which he or she is convicted.' " (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 914 (1997-1998 Reg. Sess.) as amended Apr. 15, 1997, p. 1.)

In this case, if defendant had been convicted solely of assault with a firearm, the court would have had to sentence him on that count, resulting in a potential term of imprisonment of up to 14 years (a maximum of four years for the substantive count plus a maximum of 10 years for the firearm-use enhancement). Defendant argues that because he was *also* convicted of discharging a firearm at an occupied vehicle, section 654 requires instead that he be sentenced for that crime, and thus the maximum sentence is seven years. He claims, in effect, that this second conviction requires him to receive a shorter sentence than a single conviction would have required. But the Legislature, in amending section 654, agreed with the *Norrell* dissent. "Additional criminality must never be rewarded." (*Norrell, supra*, 13 Cal.4th at p. 24 (conc. & dis. opn. of Arabian, J.); also quoted in Sen. Com. on Public Safety, Rep. on Sen. Bill No. 914, *supra*, at p. 2.)

The Legislature was concerned with the actual overall sentence the defendant receives, not any portion of that sentence in isolation. Accepting defendant's argument would mean that, in this case, the amendment to section 654 accomplished the opposite of what the Legislature intended. *Norrell* merely *permitted* the trial court to impose sentence for the less serious offense. Defendant argues that section 654 now *requires* the court to give him a shorter sentence than he might have received had he been convicted solely of the assault charge. We do not so interpret section 654.

We express no opinion on what sentence the trial court should impose within the range of options for the assault charge. We merely hold that

because that offense carries a longer potential term of imprisonment than defendant's other conviction, the court is required on remand to impose sentence for that assault.

We reverse the judgment of the Court of Appeal and remand the matter for further proceedings consistent with our opinion.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Brown, J., and Moreno, J., concurred.