**Frank Anthony BALDIZAN, Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Respondent–Appellee.**

No. 08–17077.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2009.

Filed Oct. 2, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

Barbara Michel, I, Esquire, Attorney at Law, Berkeley, CA, for Petitioner–Appellant.

Brian R. Means, Deputy Attorney General, United States Department of Justice, Justain Riley, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, REINHARDT and HAWKINS, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided

## MEMORANDUM *

Frank Baldizan was convicted in California state court of manslaughter and shooting at an inhabited dwelling. The trial court sentenced Baldizan to a term of six years imprisonment for the manslaughter offense with a four-year firearm use enhancement. It sentenced Baldizan to a five-year term on the shooting at an inhabited dwelling offense, and enhanced that term with a twenty-five-years-to-life enhancement for the personal discharge of a firearm causing death. The California Court of Appeal upheld the trial court's stay of the sentence for the manslaughter offense and imposition of the enhanced thirty-years-to-life sentence for the shooting offense.

In his habeas case, petitioner argued that the trial court should have imposed sentence on the manslaughter offense, because it had the longer potential term of imprisonment without enhancement, and that the state court of appeal's decision retroactively applied the intervening decision in *People v. Kramer*, 29 Cal.4th 720, 128 Cal.Rptr.2d 407, 59 P.3d 738 (2002), and was contrary to or an unreasonable application of the Supreme Court's holding in *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). The district court correctly denied the petition.

There was no error in the imposition of the longer sentence. The decision in *Kramer* merely clarified state law that had been unclear, and constituted a reasonable construction of the preexisting statute. Because the decision of the California Court of Appeal applying *Kramer* was reasonable and foreseeable under preexisting

by 9th Cir. R. 36–3.

state law, *a fortiori* it did not violate any clearly established federal law.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.