Filed 6/25/13  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C070963 |
| Plaintiff and Respondent, | (Super. Ct. No. SF118317A) |
| v. | |
| BILLY DEWAYNE WILLIAMS, | |
| Defendant and Appellant. | |

A jury convicted defendant Billy Dewayne Williams of two counts of carjacking (Pen. Code, § 215, subd. (a); unless otherwise stated, all statutory references that follow are to the Penal Code; counts 1 & 2), two counts of second degree robbery (§ 211; counts 3 & 4), and one count of dissuading a witness (§ 136.1, subd. (b)(1); count 5).  The jury found that defendant personally used a firearm in connection with all counts (§ 12022.53, subd. (b) (counts 1-4); § 12022.5, subd. (a) (count 5)).

The court sentenced defendant to state prison for an aggregate term of 30 years eight months.

1

Defendant appeals, contending the trial court committed sentencing error.  We will vacate the sentence and remand for resentencing.

## FACTS AND PROCEEDINGS

In the evening on August 10, 2011, Robert Older and Shane Jauregui stopped at a gas station in Stockton.  They were traveling to Sacramento from southern California, stopping in Stockton as well, to sell audio and video equipment out of the back of their vehicle.  At the gas station, Older saw defendant who was putting air into his car tires.  Older showed defendant the equipment worth more than $50,000 at retail and defendant asked how much for a projector.  After agreeing on a price, defendant pulled out a bundle of cash, saying it was $5,000, and saying that he wanted to make a deal for all the equipment but could not fit it all in his car.  Older and Jauregui followed defendant to a parking lot behind a grocery store to make the deal.  Defendant had Older and Jauregui wait in the parking lot while defendant drove home to drop off other passengers in the car.  Five minutes later, defendant returned with two men.  After defendant got out of his car and Older got out of his vehicle, they greeted one another and discussed where to drop the equipment.  Defendant then put Older in a headlock and held a gun to his neck.  Defendant ordered Jauregui out of the passenger seat of the vehicle and one of defendant's cohorts opened Jauregui's door, pulling him out.  Defendant and his cohorts stole the victims' wallets and other items from their pockets and threatened the victims telling them not to call the police, stating that they knew where the victims lived.

When defendant's accomplice started to take a box from the victims' vehicle, defendant ordered him to stop and to just take the vehicle.  After throwing Older to the ground, defendant got in his car and drove away.  Defendant's cohort got in the victims' vehicle and drove off with all the equipment.  Older and Jauregui called the police and identified defendant from a photo lineup.

2

On each of the carjacking counts (counts 1 & 2), the trial court imposed the midterm of five years plus 10 years for gun use. The court stayed sentence pursuant to section 654 on count 2. On each of the robbery counts (counts 3 (Older) & 4 (Jauregui)), the court imposed one-third the midterm (one year) plus one-third the midterm (three years four months) for the gun use to be served consecutively. Pursuant to section 1170.15, the court imposed a consecutive, full midterm of three years for dissuading a witness (count 5) plus four years for gun use.

Defendant contends the carjackings were incidental to the robberies and that the two robberies and two carjackings were committed with the same intent and objective, that is, to take the victims' property. He argues the terms for the two robberies should have been stayed pursuant to section 654.

We conclude that insufficient evidence supports the trial court's implied finding that defendant formed a separate intent and objective for the carjackings and robberies. We also conclude that the trial court erroneously determined that the sentence on the second carjacking offense had to be stayed.

## DISCUSSION

A person may be charged and convicted of both carjacking and robbery based on the same conduct. (§ 215, subd. (c); *People v. Ortega* (1998) 19 Cal.4th 686, 700.) "However, no defendant may be punished under [section 215] and Section 211 *for the same act* which constitutes a violation of both [section 215] and Section 211." (§ 215, subd. (c), italics added.)

"Carjacking is defined as 'the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.' (Pen.

Code, § 215, subd. (a).)  Robbery is defined as 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.'  (Pen. Code, § 211.)  The similarities between the definition of carjacking and the definition of robbery are apparent at once.  Both involve 'the felonious taking' of property that is 'in the possession of another' person.  Both require that the taking be from the 'person or immediate presence' of the person.  Both are 'accomplished by means of force or fear.'  True, there are differences.  Robbery can involve any type of personal property, while carjacking deals with a single form of property.  And, robbery requires an intent to permanently deprive the victim of possession of the property, while carjacking can be committed with the intent of temporary dispossession.  By virtue of these differences, neither carjacking nor robbery is a necessarily included offense of the other.  [Citations.]  Nevertheless, there is an undeniable measure of overlap between robbery and carjacking."  (*In re Travis W.* (2003) 107 Cal.App.4th 368, 373.)

"It is equally plain that the overlap between robbery and carjacking [was] expressly recognized by the Legislature when it made carjacking a crime.  The statute making carjacking a crime also provides:  'This section shall not be construed to supersede or affect [Penal Code] Section 211.  A person may be charged with a violation of this section and Section 211.  However, no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211.'  (Pen. Code § 215, subd. (c), added by Stats. 1993, ch. 611, § 6, p. 3508.)  Concerning this provision our Supreme Court stated:  'There would be no need for the Legislature to preclude multiple punishment for carjacking and robbery unless a defendant could be convicted of both carjacking and robbery based upon the same conduct.  Subdivision (c) of [Penal Code] section 215, therefore, constitutes an expression of legislative intent permitting multiple convictions of carjacking and robbery based upon the same conduct.'  (*People v. Ortega*[, *supra*,] 19 Cal.4th [at p.] 700.)  These

4

are unmistakable expressions from both the Legislature and our highest court that a carjacking can also be a robbery and thus within the statutory prohibition against double punishment for '[a]n act … that is punishable in different ways by different provisions' (Pen. Code, § 654)." (*In re Travis W., supra,* 107 Cal.App.4th at p. 375.)

" ' "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor.  If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." '  [Citation.]  However, if the offenses were independent of and not merely incidental to each other, the defendant may be punished separately even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.  [Citations.]  If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.  [Citation.]  ' "The defendant's intent and objective are factual questions for the trial court; . . . there must be evidence to support a finding the defendant formed a separate intent and objective for each offense for which he was sentenced. [Citation.]" [Citation.]' [Citation.]  [¶]  We review the trial court's findings 'in a light most favorable to the respondent and presume in support of the order the existence of every fact the trier could reasonably deduce from the evidence.  [Citation.]'  [Citation.]" (*People v. Green* (1996) 50 Cal.App.4th 1076, 1084-1085.)  In passing, we note that *People v. Correa* (2012) 54 Cal.4th 331 (*Correa*) held that "section 654 does not bar multiple punishment for multiple violations of the same criminal statute," disapproving dictum in *Neal v. State of California* (1960) 55 Cal.2d 11, 18, footnote 1, as undermining the purpose of section 654.  (*Correa,* at p. 334; see also *id.* at pp. 341-343.)  *Correa* announced a new rule which does not apply retroactively.  (*Id.* at pp. 334, 344-345.)

Relying upon *People v. Dominguez* (1995) 38 Cal.App.4th 410, defendant argues the robberies and carjackings together constituted a single transaction to steal everything belonging to the victims.  In *Dominguez*, the defendant entered the victim's van and put a

5

gun to his neck, demanding everything he had and threatening to kill him. The victim handed over two rings and a chain and then fled from the van. The defendant took the victim's van. (*Id.* at pp. 414-415.) Finding that sufficient evidence supported the trial court's finding that section 654 applied, *Dominguez* determined that the carjacking and robbery were "the same act" within the meaning of section 215, subdivision (c), and noted "[t]he long-standing rule . . . that '. . . the theft of several articles at [the] same time constitutes but one offense [even where] such articles belong to several different owners.' " (*Id.* at p. 420.)

The People argue *Dominguez* is distinguishable in that here, the robbery began and ended when defendant and his cohorts had taken the property from the victims' pockets and, "[i]ndependently, the carjacking occurred while [defendant] was holding Older at gunpoint and his associate drove the truck away." The People claim defendant had time to reflect between the robbery and carjacking. The People rely upon the facts as argued by the prosecutor that defendant stole items from Older's pockets and directed his cohorts to steal items from Jauregui's pockets and to take the vehicle with the equipment rather than taking the equipment out of the vehicle. The People claim, "It could reasonably be inferred that after [defendant] and his associate robbed Jauregui and Older, the robbers could have easily made their getaway in their car without committing the carjacking. Even if the stereo equipment inside the truck was the object of their robbery, [defendant's] partners could have simply removed the equipment from the truck, given that [defendant] was holding Older at gun point outside the truck." The People note that the carjacking and robbery involved separate objects (the vehicle and the victims' wallets, cell phones and other items taken from their pockets) and simply claim the offenses were not committed simultaneously. The People rely upon the trial court's statement that the robberies were separate acts, involving two victims.

The trial court's statement that the robberies involved separate victims did not cover whether defendant harbored separate intents and objectives in committing the

6

carjacking and robbery. Under the circumstances, it is appropriate that we remand the matter to the trial court for those determinations. If the trial court finds there was not a separate intent and objective for the carjacking and the robberies, the sentence imposed for counts 3 and 4, the two robbery counts and the gun use enhancements must be stayed pursuant to section 654. As defendant concedes, section 654 did not bar separate punishment for count 2, the other carjacking count. "It is well established that section 654 does not bar the imposition of multiple punishment when a defendant suffers separate convictions for acts of violence committed against more than one victim." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 941; see also *Correa*, *supra*, 54 Cal.4th at p. 341.) The sentencing triad for carjacking is greater than that for second degree robbery (§§ 213, subd. (a)(2), 215, subd. (b)) (both have the same gun use enhancement) and must be imposed. (§ 654, subd. (a); *People v. Kramer* (2002) 29 Cal.4th 720, 722-723.)

DISPOSITION

The sentence is vacated and the matter remanded for resentencing in accordance with this opinion. The judgment is otherwise affirmed.


      HULL      , Acting P. J.


We concur:


    ROBIE    , J.


    DUARTE    , J.

7