Filed 3/28/16  P. v. Thomas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RELIUS LEWIS THOMAS,<br><br>　　　Defendant and Appellant. | B263219<br><br>(Los Angeles County<br>　Super. Ct. No. NA087606)<br><br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the opinion filed herein on March 4, 2016, be modified as follows:

1.　On page 3, in the second paragraph, the sentence starting with the word "Further" until the end of the paragraph should be deleted so that the paragraph reads "Stalking is not a serious or violent felony, and therefore petitioner is not facially ineligible for resentencing on that count.  Thus, we order the case remanded to the trial court to make any further relevant findings regarding whether petitioner is eligible for resentencing on that count, including, if necessary, a determination whether appellant poses an unreasonable risk of danger to public safety under section 1170.126, subdivision (f)."

2. On page 4, the last sentence of the first paragraph should be deleted so that the paragraph reads "The order denying the petition for recall of sentence on the stalking count is reversed.  The case is remanded to the trial court to determine whether, given that stalking is not a serious or violent felony, appellant is otherwise eligible for resentencing on that count, including, if necessary, a determination whether appellant poses an unreasonable risk of danger to public safety under section 1170.126, subdivision (f)."

This modification changes the judgment.

Appellant's petition for rehearing is denied.

*EPSTEIN, P. J.        WILLHITE, J.        MANELLA, J.

Filed 3/4/16  P. v. Thomas CA2/4 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RELIUS LEWIS THOMAS,<br><br>    Defendant and Appellant. | B263219<br><br>(Los Angeles County<br> Super. Ct. No. NA087606) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and Remanded.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, a jury convicted appellant Relius Lewis Thomas of stalking (Pen. Code § 646.9, subd. (b)),[1] and three counts of making criminal threats (§ 422). He admitted four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two prior serious felony convictions (§ 667, subd. (a)(1)). On the stalking count, the trial court sentenced him to 35 years to life in state prison: 25 years to life under the Three Strikes law, plus two consecutive five-year terms for the prior serious felony convictions. On the criminal threat counts, the court imposed, and stayed, terms of 25 years to life. We affirmed the judgment of conviction in an unpublished opinion, B236133.

In 2014, appellant filed a petition for recall of his sentence under section 1170.126. As here relevant, section 1170.126, a provision of Proposition 36 enacted by the voters in 2012, "authorizes prisoners serving third strike sentences whose 'current' offense (i.e., the offense for which the third strike sentence was imposed) is not a serious or violent felony to petition for recall of the sentence and for resentencing as a second strike case [citations]" (*People v. Johnson* (2015) 61 Cal.4th 674, 679-680), so long as the court makes certain other findings, including a determination that the petitioner will not pose an unreasonable risk of danger to public safety (§ 1170.126, subd. (f)).

In March 2015, the trial court denied appellant's petition, concluding that defendant was ineligible under section 1170.126, subdivision (e)(1), because defendant's criminal threats convictions were serious felonies under section 1192.7, subdivision (c)(38). After the trial court's ruling, our Supreme Court held in *Johnson, supra,* 61 Cal.4th at page 695, that "resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent." Because defendant's stalking conviction is not a

---

[1] Undesignated section references are to the Penal Code.

serious or violent felony, in this appeal from the denial of the petition to recall his sentence, defendant contends that under *Johnson* he is not ineligible for resentencing on that count, even though he is ineligible for resentencing on his criminal threats counts. Appellant asks that we remand the case for the trial court to consider defendant's eligibility for resentencing on the stalking count. Respondent agrees that a remand is appropriate. We agree as well.

Stalking is not a serious or violent felony, and therefore petitioner is not facially ineligible for resentencing on that count. Thus, we order the case remanded to the trial court to make any further relevant findings regarding whether petitioner is eligible for resentencing on that count, including, if necessary, a determination whether appellant poses an unreasonable risk of danger to public safety under section 1170.126, subdivision (f). Further, if the court determines to resentence defendant on the stalking count, the court is obligated to impose an indeterminate life term on one of the criminal threat counts, and impose and stay the sentence on the stalking count and remaining counts. (*People v. Kramer* (2002) 29 Cal.4th 720, 722-723 [in determining appropriate sentence under § 654, the court must impose the longest sentence and stay sentence on the other counts].)

## DISPOSITION

The order denying the petition for recall of sentence on the stalking count is reversed. The case is remanded to the trial court to determine whether, given that stalking is not a serious or violent felony, appellant is otherwise eligible for resentencing on that count, including, if necessary, a determination whether appellant poses an unreasonable risk of danger to public safety under section 1170.126, subdivision (f). If the court determines to resentence defendant on the stalking count, the court shall impose an indeterminate life term on one of the criminal threat counts, and impose and stay the sentences on the stalking count and remaining counts.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:




EPSTEIN, P. J.




MANELLA, J.


4