Filed 12/28/22  P. v. McCauley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094806 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF04084) |
| v. | |
| CORNELIUS EUGENE MCCAULEY, | |
| Defendant and Appellant. | |

A jury found defendant Cornelius Eugene McCauley guilty of assault and battery and found true a great bodily injury enhancement.  The trial court sentenced defendant to nine years in prison for assault, including the enhancement, and an upper term sentence of eight years in prison for battery, stayed pursuant to Penal Code section 654.[1]

---

[1] Undesignated statutory references are to the Penal Code.

On appeal, defendant contends amendments to sections 654 and 1170, which took effect while his appeal was pending, apply retroactively to his case and require us to vacate his sentence and remand for resentencing. Defendant also contends the trial court failed to specify reasons for imposing the upper term sentence for battery, which likewise requires remand. The Attorney General concedes the amendments to section 654 require remand and defendant's remaining contentions can be addressed at resentencing. We will vacate defendant's sentence and remand for resentencing; we otherwise affirm the judgment.

## FACTS AND PROCEEDINGS

A jury found defendant guilty of battery inflicting serious bodily injury (§ 243, subd. (d)) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). The jury also found true an allegation that defendant inflicted great bodily injury in committing the assault. (See § 12022.7, subd. (a).) In a bifurcated court trial, the court found true the allegation that defendant had previously been convicted of a violent felony. (See § 667.5, subd. (c)(9).)

The trial court sentenced defendant for this case together with two other cases, in which he had pled guilty to three counts of vehicle burglary. The court noted several aggravating circumstances: Defendant had a significant criminal history (Cal. Rules of Court, rule 4.421(b)(2))[2]; had been unsuccessful on probation and postrelease community supervision (rule 4.421(b)(5)); and had committed violent offenses (rule 4.421(a)(1), (b)(1)).

The trial court imposed an aggregate sentence of 11 years in prison. The court sentenced defendant to the middle term of three years in prison for the assault, which was the designated principal term under the version of section 654 in effect at the time. (See

_____

[2] Undesignated rule references are to the California Rules of Court.

§§ 245, subd. (a)(4), 654, former subd. (a); Stats. 1997, ch. 410, § 1.) The court then doubled the sentence due to defendant's prior violent felony conviction (§ 1170.12, subd. (c)(1)) and added three years for the great bodily injury enhancement (§ 12022.7, subd. (a)), for a total nine-year prison term.

Without further explanation, the trial court then imposed the upper term of eight years in prison for the battery offense, but stayed the sentence pursuant to section 654. For the vehicle burglary counts in the two other cases, the court sentenced defendant to three consecutive eight-month prison sentences.

Defendant timely appealed from the judgment. After additional time to secure the supplemental and augmented record, and multiple granted requests by defendant to continue the briefing schedule, the case was fully briefed on October 20, 2022, and assigned to this panel shortly thereafter. The parties waived argument and the cause was submitted.

**DISCUSSION**

Defendant makes three arguments: (1) we must remand for the trial court to exercise the new discretion granted by recent amendments to section 654; (2) the court's imposition of an upper term sentence did not satisfy the new requirements of sections 1170, subdivision (b)(2); and (3) the court failed to state its reasons for selecting an upper term sentence. The Attorney General concedes the first argument requires remand and contends we need not reach the other arguments. Defendant did not file a reply brief.

We agree that the first issue requires remand for a full resentencing, where the trial court can hear and decide the remaining sentencing claims.

Recent amendments to section 654, which took effect after defendant was sentenced, give trial courts the discretion to select for execution any available term of imprisonment, regardless of the length of each. (§ 654, as amended by Stats. 2021, ch. 441, § 1.) "Previously, where . . . section 654 applied, the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and

3

stay execution of the other term[s]. (Pen. Code, § 654, former subd. (a) [Stats. 1997, ch. 410, § 1].) As amended by Assembly Bill [No.] 518, Penal Code section 654 now provides the trial court with discretion to impose and execute the sentence of [any] term, which could result in the trial court imposing and executing [a] shorter sentence rather than the longe[st] sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379; see *People v. Kramer* (2002) 29 Cal.4th 720, 723-725 [former subd. (a) of § 654 includes enhancements when determining which offenses provides for a longer potential term of imprisonment].) These amendments apply retroactively to defendant's nonfinal sentence. (See *Mani*, at p. 379.)

At the time defendant was sentenced, section 654 required the trial court to impose punishment for assault by means likely to produce great bodily injury and stay other punishments based on the same acts because that offense, with the enhancement, provided for the longest potential term of imprisonment. The court followed this statutory dictate, so we presume the court was, properly, not exercising discretion not yet granted to it. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390 ["Absent evidence to the contrary, we presume that the trial court knew and applied the governing law"].) Accordingly, applying the amendments to section 654 retroactively, we conclude the trial court was "unaware of the scope of its discretionary powers." (*Gutierrez*, at p. 1391.) Thus, the appropriate remedy is to remand for resentencing, unless the record clearly indicates the trial court would have imposed the same sentence " 'even if it had been aware that it had such discretion.' " (*Ibid.*) We see no such clear indication--nor have the parties identified any--and thus will remand for resentencing.

On remand, the trial court has the discretion to "revisit all prior sentencing decisions" in light of changed circumstances and in accord with the law in effect at the time of resentencing. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425; *People v. Walker* (2021) 67 Cal.App.5th 198, 205-206.)

4

## DISPOSITION

Defendant's sentence is vacated, and the case is remanded for resentencing. The judgment is otherwise affirmed.

                                             /s/
                                    Duarte, Acting P. J.


We concur:



      /s/
Krause, J.



      /s/
Earl, J.