Filed 9/19/23  P. v. Stelly CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>　　Plaintiff and Respondent,<br><br>v.<br><br>KAMANI STELLY,<br>　　Defendant and Appellant. | A166281<br><br>(Contra Costa County<br>Super. Ct. No. 05001711365) |

Kamani Stelly was convicted by a jury of one count of discharging a firearm at an occupied motor vehicle (Pen. Code, § 246; all further statutory references are to this code) (count one) and four counts of attempted willful, deliberate, and premeditated murder of D.R., O.Q., John Doe 1, and John Doe 2[1] (§§ 187, subd. (a), 664 (counts two through five), together with related true findings that defendant personally and intentionally discharged a firearm causing great bodily injury to D.R. and A.W. (§ 12022.53, subd. (d); (§ 12022.53(d)).  This court affirmed the convictions for discharging a firearm at an occupied motor vehicle (count one) and for the attempted murders of D.R., O.Q., and John Doe 1 (counts two, three, and four).  (*People v. Stelly*

---

[1]　We use initials to protect the victims' privacy interests.  (Cal. Rules of Court, rule 8.90(b)(4).)  Two victims were designated in the trial court as John Doe 1 and John Doe 2 as their identities were unknown.

1

(Aug. 16, 2021, A157142) [nonpub. opn.] at pp. 2, 20.) We reversed the conviction for the attempted murder of John Doe 2 (count five) based on insufficient evidence, dismissed that count, and remanded for resentencing. (*Id*. at p. 2.) In all other respects, we affirmed the judgment. (*Ibid*.)

Defendant was initially sentenced to an aggregate term of 37 years to life, consisting in pertinent part, of five years (middle term) for discharging a firearm at an occupied motor vehicle, plus 25 years to life on the related firearm enhancement under section 12022.53(d) (count one), and a consecutive life term (minimum of 7 years before parole eligibility) for the attempted murder of D.R. (count two).

Following our remittitur after defendant's direct appeal, the Legislature amended certain Penal Code provisions applicable to sentencing. Specifically, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385, "to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.)[2] Assembly Bill No. 518 (2021–2022 Reg. Sess.) amended section 654, subdivision (a), by removing the requirement that the trial court must impose the longest term among several possible prison terms imposed for a single act or occasion. (Stats. 2021, ch. 441, § 1.)

At resentencing, defendant asserted that under *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), the court had the discretionary authority to strike the section 12022.53(d) enhancement related to count one, and, in its place, impose a shorter term under either section 12022.53, subdivision (b)

---

[2]     Effective June 30, 2022, the Legislature amended section 1385 so that the mitigating circumstances now appear in subdivision (c)(2). (Stats. 2022, ch. 58, § 15.)

(§ 12022.53(b)) or subdivision (c) (§ 12022.53(c)), as a lesser uncharged enhancement.

While the court refused to dismiss the section 12022.53(d) enhancement under section 1385 (finding dismissal would endanger the public safety), it did *not* impose the consecutive mandatory 25-years-to-life term for the section 12022.53(d) enhancement. Rather, the court resentenced defendant to a reduced aggregate term of 32 years to life, consisting in pertinent part, of five years for discharging a firearm at an occupied motor vehicle, plus 20 years for an enhancement under section 12022.53(c), as a lesser uncharged enhancement under section 12022.53(d) (count one), and a consecutive life term (minimum of 7 years before parole eligibility) for the attempted murder of D.R. (count two).

## DISCUSSION

Defendant filed a notice of appeal and his appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After independently reviewing the record pursuant to our obligation under *Wende*, we asked the parties to submit supplemental briefs addressing: (1) whether the trial court had imposed an unauthorized sentence with respect to count one; and (2) if the sentence were unauthorized, what would be the appropriate disposition.

## I. Trial Court Imposed Unauthorized Sentence on Count One

The Attorney General argues, and we concur, that the trial court imposed an unauthorized sentence on count one by imposing a 20-year term under section 12022.53(c) as a lesser uncharged enhancement of section 12022.53(d); this is because the jury's true finding under section 12022.53(d) does not include a true finding under section 12022.53(c) where, as here, the section 12022.53(d) enhancement was added to a charge

3

under section 246.  (See *Tirado*, *supra*, 12 Cal.5th at p.700, fn. 12.)  Having refused to dismiss the section 12022.53(d) enhancement, the court was mandated to impose a consecutive term of 25 years to life for the section 12022.53(d) enhancement related to count one.

Section 12022.53 sets forth escalating additional and consecutive penalties, beyond that imposed for a substantive crime, for the use of a firearm in the commission of specified felonies.  (*Id*., subds. (a)–(d).)  Section 12022.53(a) lists the felonies to which the section applies.  Section 12022.53(b) mandates the imposition of a 10-year term for the personal use of a firearm in the commission of one of the subdivision (a) felonies; section 12022.53(c) mandates the imposition of a 20-year term for the personal and intentional discharge of a firearm in the commission of one of the subdivision (a) felonies; and section 12022.53(d) mandates a 25-years-to-life term for the personal and intentional discharge of a firearm causing great bodily injury or death to a person other than an accomplice in the commission of either one of the subdivision (a) felonies, felonies specified in section 246, or felonies specified in subdivisions (c) and (d) of section 26100.  Section 12022.53, subdivision (h) (§ 12022.53(h)) authorizes a trial court "to strike or dismiss an enhancement required to be imposed by this section."  Section 12022.53, subdivision (j) (§ 12022.53(j)) authorizes the imposition of sentence of any section 12022.53 enhancement.

In *Tirado, supra,* 12 Cal.5th 688, our Supreme Court found *as a general rule* that when a "court determines that [a] section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)."  (*Tirado,* at p. 700, fn. omitted.)  This general rule "only applies when a true finding under section 12022.53(d) necessarily includes a true finding

4

under section 12022.53(b) or (c).  That would not be the case if a section 12022.53(d) enhancement were added to a charge under section 246 . . . or under subdivisions (c) or (d) of section 26100 . . . . Those offenses are not 'specified in subdivision (a),' as required for imposition of an enhancement under section 12022.53(b) or (c)." (*Tirado*, at p. 700, fn. 12.)

Because count one is a conviction for discharging a firearm at an occupied motor vehicle under section 246, the general rule in *Tirado* does *not* apply and the trial court was *not* authorized to impose a term of 20 years pursuant to section 12022.53(c) for the related enhancement.  The parties disagree as to the appropriate remedy.

## II.    Case is Remanded for Reconsideration of Sentence

Defendant urges us to affirm the trial court's sentence on count one on the basis that applying section 12022.53 as interpreted in *Tirado*, *supra*, 12 Cal.5th at page 700, footnote 12, and applied in this case, would violate his federal and state constitutional guarantees of equal protection.  The Attorney General urges us to reinstate the section 12022.53(d) enhancement on the basis that (1) there is no merit to defendant's constitutional claims, and (2) remand for resentencing is not necessary because this court may correct the unauthorized sentence by reinstating the stricken section 12022.53(d) enhancement since the trial court already ruled that striking that enhancement is not consistent with public safety.

Alternately, defendant argues that if this court finds section 12022.53 to be constitutional, the sentence should be reversed and the matter remanded to allow the trial court to exercise its discretion to consider whether to strike the section 12022.53(d) enhancement and, in its place, impose a 10-year term under section 12022.5, subdivision (a) (§12022.5(a)), as a lesser uncharged enhancement.  As the Attorney General correctly notes,

5

with exceptions not applicable here, section 12022.5(a) "does not apply if firearm use is an element of the underlying offense." Therefore, as to the count one charge of discharging a firearm at an occupied motor vehicle under section 246, the trial court could not strike the section 12022.53(d) enhancement and impose a section 12022.5(a) enhancement. (*People v. Kramer* (2002) 29 Cal.4th 720, 723, fn. 2.)

We shall reverse and remand to allow the trial court to reconsider resentencing in its entirety. As we have concluded, the trial court imposed an unauthorized term of 20 years pursuant to section 12022.53(c) as a lesser uncharged enhancement of the section 12022.53(d) enhancement related to count one. (*Tirado, supra*, 12 Cal.5th at p. 700, fn. 12; see *People v. Scott* (1994) 9 Cal.4th 331, 354 ["legal error resulting in an unauthorized sentence commonly occurs where the court violates mandatory provisions governing the length of confinement"].) Indeed, the trial court issued conflicting decisions by initially refusing to dismiss the section 12202.53(d) enhancement under section 1385, but then apparently deciding that imposing the consecutive mandatory 25-years-to-life term for that enhancement was not appropriate.

In making its sentencing choices, the court " 'undoubtedly considered the overall prison term to be imposed and was influenced in its choices by the length of the enhancements.' " (*People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457; see *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258.) We therefore conclude that a reconsideration of the sentence in its entirety is required as the court's sentence on count one " 'necessarily' " infected the imposed aggregate term. (*People v. Burns* (1984) 158 Cal.App.3d 1178, 1183 [the aggregate prison term cannot be viewed " 'as a series of separate independent

6

terms, but rather must be viewed as one prison term made up of interdependent components' "].)

Our decision should not be read as expressing an opinion as to how the trial court should exercise its discretionary authority at resentencing or its consideration of defendant's constitutional challenges to section 12022.53(d).

### DISPOSITION

The August 12, 2022 resentencing order is reversed and the matter is remanded for resentencing consistent with this opinion.

_____

Petrou, J.

WE CONCUR:


_____

Fujisaki, Acting P.J.


_____

Rodríguez, J.

A166281/*People v. Stelly*

8