Filed 5/23/25  P. v. Clayton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087231 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF178919A) |
| DONALD ROY CLAYTON, | OPINION |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Franson, J. and Smith, J.

**INTRODUCTION**

Defendant Donald Roy Clayton was convicted of various offenses in connection with his nonfatal shooting of another man in June 2021.  We affirmed the judgment on appeal but remanded for resentencing in light of postsentencing amendments to Penal Code section 654.[1]  (*People v. Clayton* (Mar. 27, 2023, F083231) [nonpub. opn.].)  The trial court resentenced defendant by imposing a section 12022.53, subdivision (c) firearm enhancement to his offense of discharging a firearm from a motor vehicle (§ 26100, subd. (c)), after striking a section 12022.53, subdivision (d) enhancement.  As the parties agree, the trial court was not statutorily authorized to impose a section 12022.53, subdivision (c) enhancement for a section 26100 offense.  Therefore, we vacate defendant's sentence and the trial court's order striking enhancements and remand for a full resentencing.

**PROCEDURAL SUMMARY**[2]

By amended information filed on May 18, 2021, the District Attorney of Kern County charged defendant with attempted premeditated murder (§§ 187, subd. (a), 664; count 1), assault with a firearm (§ 245, subd. (a)(2); count 2), possession of a handgun as a felon (§ 29800, subd. (a)(1); count 3), possession of ammunition as a felon (§ 30305, subd. (a); count 4), and maliciously discharging a firearm from a motor vehicle (§ 26100, subd. (c); count 5).  The amended information also alleged that defendant intentionally discharged a firearm while committing an enumerated felony (§ 12022.53, subd. (c)) and causing great bodily injury (§ 12022.53, subd. (d)) as to counts 1 and 5; personally used a firearm (§ 12022.5, subd. (a)) as to counts 2, 3, and 4; inflicted great bodily injury (§ 12022.7, subd. (a)) as to counts 2, 3, and 5; had suffered a prior "strike" conviction

---

[1]    All further statutory references are to the Penal Code.

[2]    Because defendant raises only sentencing and procedural issues that do not require assessing the evidence presented, we omit from this opinion the facts underlying the offenses.

within the meaning of the "Three Strikes" law (currently codified at §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) as to all counts; and had a prior serious felony conviction (§ 667, subd. (a)) as to counts 1 and 2.

On June 14, 2021, the jury found defendant not guilty of attempted murder (count 1) but guilty of the lesser included offense of attempted voluntary manslaughter (§§ 192, 664). The jury also found defendant guilty of counts 2 through 5 and found true all associated firearm and great bodily injury enhancements. In a bifurcated proceeding, the trial court found true the prior conviction allegations.

On August 11, 2021, the trial court sentenced defendant to an aggregate determinate term of 15 years, plus an indeterminate term of 25 years to life, in prison. The court imposed and executed the sentence only for count 5 and two enhancements, sentencing defendant to the midterm of 10 years (§§ 26100, subd. (c), 667, subd. (e)(1)), plus five years for the prior serious felony conviction (§ 667, subd. (a)(1)), plus 25 years to life for discharging a firearm resulting in great bodily injury (§ 12022.53, subd. (d)).[3] The court stayed the midterm sentences imposed for counts 1 through 4 and their associated enhancements pursuant to section 654.

On appeal, we remanded the case for resentencing to permit the court to exercise its discretion pursuant to section 654, subdivision (a), which had been amended after defendant's sentencing (Stats. 2021, ch. 441, § 1), but otherwise affirmed the judgment.

The trial court resentenced defendant on November 2, 2023, but ordered the sentence "stricken" during a further hearing on November 6, 2023. At that second hearing, the court further indicated that, pursuant to section 1385, it would strike the section 12022.53, subdivision (d) and 667, subdivision (a) enhancements, for a total

---

[3]    The court stayed the remaining enhancements for count 5, including the enhancement pursuant to section 12022.53, subdivision (c).

determinate term of 30 years in prison.[4]  The court imposed and executed the sentence only for count 5 and one firearm enhancement, sentencing defendant to the midterm of 10 years (§ 26100, subd. (c); § 667, subd. (e)(1)), plus 20 years for discharging a firearm (§ 12022.53, subd. (c)).  The court stayed the midterm sentences imposed for counts 1 through 4 and their associated enhancements pursuant to section 654.

Defendant filed this timely appeal on November 21, 2023.

## DISCUSSION

**I.**    ***The trial court imposed an unauthorized sentence on count 5 by imposing a 20-year term under section 12022.53, subdivision (c).***

### A.    Applicable Law and Standard of Review

We review the trial court's exercise of discretion at sentencing for abuse.  (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)  In deciding whether the trial court has abused its discretion, "we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion."  (*People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 746.)

Section 12022.53 sets forth escalating additional and consecutive penalties, beyond that imposed for a substantive crime, for the use of a firearm in the commission of specified felonies.  (*Id.*, subds. (a)–(d).)  Section 12022.53, subdivision (a) lists the felonies to which the section applies:  section 12022.53, subdivision (b) mandates the imposition of a 10-year term for the personal use of a firearm in the commission of one of the section 12022.53, subdivision (a) felonies; section 12022.53, subdivision (c) mandates the imposition of a 20-year term for the personal and intentional discharge of a firearm in the commission of one of the section 12022.53, subdivision (a) felonies; and

---

[4]    The minute order describes that the enhancements were "stricken for sentencing and custody credit purposes, pursuant to PC 1385 (A)," although the court's oral pronouncement did not indicate whether the court ordered the enhancement allegations stricken (§ 1385, subd. (a)) or just the punishment (*id.*, subd. (b)).

section 12022.53, subdivision (d) mandates a 25-year-to-life term for the personal and intentional discharge of a firearm causing great bodily injury or death to a person other than an accomplice in the commission of either one of the section 12022.53, subdivision (a) felonies, felonies specified in section 246, or felonies specified in subdivisions (c) and (d) of section 26100. Felony offenses under section 246 and 26100 are not included in section 12022.53, subdivision (a).

Section 12022.53, subdivision (h) authorizes a trial court to "strike or dismiss an enhancement otherwise required to be imposed by this section." Section 12022.53, subdivision (j) authorizes the imposition of sentence of any section 12022.53 enhancement. In *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), our Supreme Court found as a general rule that when a "court determines that [a] section 12022.53[, subdivision ](d) enhancement should be struck or dismissed under section 12022.53[, subdivision ](h), the court may, under section 12022.53[, subdivision ](j), impose an enhancement under section 12022.53[, subdivision ](b) or (c)." (*Id.* at p. 700.) In addressing this issue, the Supreme Court recognized that a true finding under section 12022.53, subdivision (d) would not include a true finding under section 12022.53, subdivision (b) or (c) if the section 12022.53, subdivision (d) enhancement had been found in relation to a violation of section 246 or under subdivision (c) or (d) of section 26100 because those offenses are not specified in subdivision (a), as required for imposition of an enhancement under section 12022.53, subdivision (b) or (c). (*Tirado*, at p. 700, fn. 12.)

## B.     Analysis

### 1)     *Section 12022.53, subdivision (c) does not apply to a violation of section 26100, subdivision (c).*

In the instant case, the amended information alleged a firearm enhancement pursuant to section 12022.53, subdivision (c) as to the charge of maliciously discharging a firearm from a motor vehicle (§ 26100, subd. (c)), and the jury considered and rendered

5.

a true finding as to the allegation.  Defendant failed to object, and neither party nor the trial court realized that the subdivision (c) enhancement was not statutorily authorized for that charge.[5]  Because count 5 is a conviction for maliciously discharging a firearm from a motor vehicle (§ 26100, subd. (c)), the only section 12022.53 enhancement applicable is found in subdivision (d).  Therefore, the trial court was not authorized to impose a term of 20 years pursuant to section 12022.53, subdivision (c), and imposition of that enhancement was an abuse of discretion and resulted in an unauthorized sentence.[6]

### 2) We vacate the court's order striking the section 12022.53, subdivision (d) and section 667, subdivision (a) enhancements.

Both parties agree that the trial court could not impose a 20-year term pursuant to section 12022.53, subdivision (c) and that the case should be remanded for resentencing.  However, they disagree as to whether reversal of the sentence should also reverse the court's sentencing order striking the other enhancements.

Our Supreme Court has held that when part of a sentence is stricken on review, on remand for resentencing, " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893, quoting *People v. Navarro* (2007) 40 Cal.4th 668, 681; see also *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259 ["upon remand for resentencing …, the trial court has jurisdiction to modify every aspect of the defendant's sentence"].)  The trial court may reconsider all its prior discretionary sentencing decisions.  (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full

---

[5]	A defendant's failure to object does not forfeit a claim that his sentence is not authorized by law.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

[6]	Similarly, the court could not strike the section 12022.53 enhancement and impose a lesser 10-year enhancement under section 12022.5, subdivision (a) because that section does not apply if the firearm use is an element of the underlying offense.  (See *People v. Kramer* (2002) 29 Cal.4th 720, 723, fn. 2.)

resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

Defendant argues that, upon remand, the court may not impose a sentence greater than the 30 years imposed at his second sentence upon remand, relying upon *People v. Henderson* (1963) 60 Cal.2d 482, 495–497, which prohibits (based upon double jeopardy principles) imposing a more severe punishment after a successful appeal. This rule does not apply when remanding to correct an unauthorized sentence. An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case," regardless of the facts. (*People v. Scott, supra*, 9 Cal.4th at p. 354.) In such a circumstance, the sentence is "subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court," even if the correction increases the sentence originally imposed. (*People v. Serrato* (1973) 9 Cal.3d 753, 763, disapproved on a different ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)

Defendant argues that, in this case, the trial court could have lawfully imposed the section 12022.53, subdivision (c) enhancement because it had been found true by a jury, citing *Tirado, supra*, 12 Cal.5th at page 697. *Tirado* held that the court could impose an uncharged firearm enhancement lawfully if the jury's finding necessarily included a finding as to a lesser enhancement. (*Ibid.*) Contrary to defendant's argument, *Tirado* did not suggest that a lesser enhancement was lawful so long as it was found by a jury regardless of whether it was authorized by statute. In fact, *Tirado* specifically limited its discussion to exclude section 12022.53, subdivisions (b) and (c) as possible lesser included enhancements where the underlying offense was either section 246 or 26100 because section 12022.53, subdivisions (b) and (c) are only applicable for offenses listed in section 12022.53, subdivision (a) and neither section 246 nor section 26100 were so listed. (*Tirado, supra*, at p. 700, fn. 12.) Therefore, imposition of the section 12022.53,

subdivision (c) enhancement as to the section 26100 offense was not lawful and was unauthorized.

In this case, the unauthorized section 12022.53, subdivision (c) enhancement represents an unauthorized leniency, and correction of the error is a changed circumstances that requires a full resentencing—i.e., the court may elect to make downward discretionary choices with respect to other terms due to the corrections of the unauthorized portions of the sentence. (See *People v. Buycks, supra*, 5 Cal.5th at p. 893.) At the initial sentencing hearing, the trial court sentenced defendant to a prison term of 15 years plus 25 years to life. After remitter, the trial court sentenced defendant to the same term, then struck the sentence, and thereafter crafted a sentence of 30 years by striking certain enhancements and imposing others. In making these sentencing choices, the court " 'undoubtedly considered the overall prison term to be imposed and was influenced in its choices by the length of the enhancements.' " (*People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457; see *People v. Burbine, supra*, 106 Cal.App.4th at p. 1258.) We conclude that a reconsideration of the sentence in its entirety is required as the court's sentence " 'necessarily' " infected the imposed aggregate term. (*People v. Burns* (1984) 158 Cal.App.3d 1178, 1183 [the aggregate prison term cannot be viewed " 'as a series of separate independent terms, but rather must be viewed as one prison term made up of interdependent components' "].)

Defendant argues that the trial court will be unable to impose any punishment under section 12022.53, subdivision (d) on remand because it struck the enhancement rather than just striking its punishment. (Compare § 1385, subd. (a) with § 1385, subd. (b).) Defendant's sentence is not yet final, and he has failed to provide any authority which would prevent the court from revisiting its decision to strike an enhancement after the sentence and sentencing orders have been vacated and in the context of a remand for a full resentencing. (Cf. *People v. Williams* (1998) 17 Cal.4th 148, 164 [setting aside trial court's order vacating finding as to prior strike conviction as

an abuse of discretion]; *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813–814 [reversing order dismissing 20-year-old prior strike conviction]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 321–323 [reversing trial court order dismissing prior strike convictions].)

We, therefore, vacate the court's order striking the section 12022.53, subdivision (d) and section 667, subdivision (a) enhancements, and the court is free to reconsider all of its discretionary choices with respect to any other portions of the sentence but with some limitation. While the court is free to reconsider all of its discretionary choices upon resentencing (including whether to strike or dismiss the prior strike conviction under § 1385, subd. (a) or previously stricken enhancements), any subsequent increase in the aggregate sentence from the original must be due solely to correction of the unauthorized portion of the sentence on count 5.[7] (See *People v. Serrato, supra*, 9 Cal.3d at p. 764, disapproved on a different ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; *People v. Price* (1986) 184 Cal.App.3d 1405, 1413 ["If an increase in penalty has no nexus to the original illegality in the sentence, ... [t]he general rule applies that in California a harsher penalty may not be imposed after a successful appeal."]; *People v. Trammel* (2023) 97 Cal.App.5th 415, 486 [only correction of unauthorized leniency may increase original aggregate sentence under *Serrato* exception].)

Therefore, we vacate defendant's sentence and the court's prior sentencing order striking the enhancements. The court may impose any sentence permitted under the applicable statutes and rules on remand, subject only to the limitation that the aggregate prison term cannot be increased by more than the five-year difference between subdivisions (c) and (d) of section 12022.53. Our decision should not be read as

---

[7] The unauthorized portion of defendant's sentence is the five-year difference between the penalties provided by section 12022.53, subdivisions (c) and (d).

expressing an opinion as to how the trial court should exercise its discretionary authority at resentencing.

## DISPOSITION

Defendant's sentence and the trial court's order striking enhancements are vacated, but the judgment is otherwise affirmed. The case is remanded for a full resentencing consistent with this opinion.